T. I. DAWES, appellant, v. THOS. C. POWERS, respondent.

CONSTRUCTION OF CONTRACT — *Specification of errors in statement.*

A. enters into contract with the government to furnish beef on certain terms, one of which was that on all cows furnished under the contract there was to be a deduction of twenty per cent. B. enters into contract with A. to supply the beef under the contract at a certain price to be paid on vouchers issued by the government agent. *Held* that B. took the contract subject to the twenty per cent. reduction.

When the notice of a motion for a new trial contains a specific assignment of error, and this notice is made part of the statement on motion for new trial, it is sufficient compliance with the requirement of the Practice Act for a specification of error in the statement.

*Appeal from First District, Gallatin County.*

E. W. & J. K. TOOLE, for appellant.

This was an action upon an agreement set out in the plaintiff's complaint for a balance due in "furnishing beef at the Crow Indian Agency." The contract sued on was in writing between appellant and respondent, and is found on page 11 of record, and is marked "Exhibit A."

Respondent seeks to vary the terms of this contract so as to exclude the cause of action sued on, by showing that a certain contract between him and the United States for furnishing this beef provided for a reduction of twenty per cent. on all cows furnished,— and that, although this was omitted from the contract in writing between appellant and respondent, that it was nevertheless a part of such contract,— and for this purpose the contract between the respondent and the United States was introduced in evidence under the objection of appellant (see Bill of Exceptions No. 1, Record, p. 28), and parol evidence was allowed to show it. See Record, p. 43. This was clearly erroneous, and subversive of that elemental principle of evidence which refuses parol evidence to vary the terms of a written instrument. 1 Greenl. Ev. sec. 275 *et seq.*, and notes 1, 2, 3, etc.; sec. 610, 1st div. R. S. p. 154.

There is a rule of evidence which permits all the *contemporaneous* writings between the parties to be shown; but this was a contract between different parties. 1 Greenl. Ev. sec. 275.

2. If this was competent evidence under any view of the case, it was a question for the jury, which the court by its instructions took away from them, and said to the jury that if Powers was subject to a deduction of twenty per cent. on all cows to be delivered under his contract with the United States, then Dawes, the appellant, was subject to the same reduction as between him and Powers. See Instructions 2 and 3, Record, pp. 49, 50 and 51. This was a usurpation of the province of the jury, and we cannot conceive upon what ground such instructions can be maintained.

F. K. ARMSTRONG and SHOBER & LOWERY, for respondents.

WADE, C. J. On the 24th day of April, 1879, the respondent entered into a contract with the government of the United States to furnish and deliver to the government, at the Crow Indian Agency, in the territory of Montana, for the price therein named, beef cattle on the hoof, at the times, in the quantities and of the character therein specified, payments for which were to be made at the office of Indian affairs, on presentation of the proper receipts or vouchers from the Indian agent. Among other things, the contract further provided that the beef cattle so to be furnished by the respondent should be good and merchantable cows and steers, not over seven years old, the cows and steers to be weighed separately on the government scales, after being without food or water for twelve hours before being weighed, and that for all cows delivered under the contract a deduction of twenty per cent. on the price should be made.

On the 2d day of September, 1879, the appellant entered into an agreement with the respondent, by the terms of which the appellant agreed to deliver to the government of the United States, at the Crow Indian Agency, Montana, upon said contract of the respondent with the government of the United States to furnish beef, such quantities of beef as the government might require, at the rate of two cents per pound, gross weight, for each pound of beef so delivered and receipted for by the agent at the Crow Indian Agency, payments to be made to the appellant by the respondent, at the First National Bank of Helena, upon the agent's voucher or receipt specifying the quantity of beef received.

By the terms of the appellant's contract, he was to furnish the beef mentioned in respondent's contract. The beef was to be estimated, the number of pounds ascertained, and the vouchers therefor were to be delivered as provided in respondent's contract.

If the cattle were to be kept without food or drink for a certain period before being weighed for respondent, so they were for appellant. If the cows and steers were to be weighed separately for respondent, so they were for appellant. The provision as to the quality and kind of cattle, and for ascertaining their weight, attached alike to each contract.

The contract of appellant to furnish beef on the contract of respondent subjected him to these conditions as to quality, kind and weight. Upon the number of pounds so ascertained, vouchers were to be issued to appellant, and according to these vouchers he was to receive his pay from respondent. In like manner the proviso as to cows, contained in respondent's contract, attached to the contract of appellant. The proviso had to do with the weight of the cows. It was wholly immaterial whether the twenty per cent. deduction was from the weight or the price of the cows. He who contracted to furnish and deliver beef upon respondent's

contract must. have contracted with reference to this twenty per cent. deduction.

He was under no obligation to deliver cows; but if he did deliver them, he knew they were subject to the twenty per cent. deduction, and knowing this, and having the right to fill the entire contract with cows, it would have worked a fraud upon respondent, if, with this knowledge, he could recover pay for their full weight.

. The fair interpretation of respondent's contract is, that twenty per cent. was to be deducted from the weight of the cows, and the same interpretation must be given to appellant's contract. The appellant was to receive his pay according to vouchers issued in pursuance of respondent's contract. But there were no vouchers, and could have been none, for the full weight of the cows delivered on the contract. The deduction must have been made by the agent when he received the cows, and vouchers were delivered accordingly.

The appellant does not complain that he has not received his full pay according to the vouchers delivered by the agent. Then upon what does he base this action? If he is exempt from this twenty per cent. deduction, then the provision as to the time when the cattle shall be weighed does not attach to his contract; and he might as well demand pay for the loss occasioned in the weight of the cattle by the twelve hours without food or water, as for the twenty per cent. deduction on cows.

It follows, therefore, that the parol proof as to the twenty per cent. deduction on cows did not change, modify or vary the terms of appellant's contract, and was wholly immaterial.

It is claimed that there was no specific assignment of error in the statement. The statement contains a notice of motion for a new trial which contains a specific assignment of error. Where a notice contains a specific assignment of the error relied upon, and the same is made a part of the statement on motion for a new trial or

on appeal, we think this to be a sufficient specification of error in the statement, and a sufficient compliance with the Practice Act, which requires that the statement "shall state specifically the particular error or grounds upon which appellant intends to rely in his appeal." The object of the requirement is, that the opposite party shall have notice of the errors relied on, and when the notice contains such specification of error, and is made part of the statement, he has had such notice.

The judgment is affirmed, with costs.

*Judgment affirmed.*

### DISSENTING OPINION BY GALBRAITH, J.

The contract between the appellant and respondent alleged in the complaint as the foundation of this action was in writing, and stipulated that a certain amount of beef should be delivered by the appellant to the government of the United States "upon a certain contract of the respondent with the government to furnish beef " at the Crow Agency. The respondent therein agreed to pay to the appellant, sixty days after any delivery of beef to said agency, or sixty days after date of the government agent's voucher or cattle receipt, "two cents per pound, gross weight, for each pound of beef so delivered and receipted for by the agent at the Crow Agency, upon the delivery of the cattle vouchers or receipts." The answer admits the above contract, but avers "that in addition to said contract by the original contract between this defendant and the United States in relation to the delivery of the beef described in and referred to in the said contract between the plaintiff and defendant, it was therein stipulated that a reduction of twenty per cent. gross weight, on all cows delivered under said contract, should be deducted from the price of the beef mentioned in said contract." And that as between this defendant and said plaintiff " it was agreed that said plaintiff should and would stand said reduction of twenty per cent. on

all cows to be delivered under said contract mentioned in plaintiff's complaint, and that said agreement, with reference to said deduction of twenty per cent. on the gross weight of all cows delivered by said plaintiff under said contract set forth in plaintiff's complaint, was mutually agreed to and understood by and between this defendant and said plaintiff, before any beef was delivered under said contract mentioned in plaintiff's complaint. And all of the beef delivered by plaintiff under the contract described in his complaint was delivered with said additional contract of reduction of twenty per cent. on the gross weight of all cows he should deliver under the contract described in said complaint."

The replication denies "that, in addition to the contract mentioned in plaintiff's complaint, it was therein stipulated, between plaintiff and defendant, that a reduction of twenty per cent. gross weight on all cows delivered under said contract should be deducted from the price of beef mentioned in said contract;" denies "that as between this defendant and plaintiff it was agreed that this plaintiff should or would stand said alleged reduction of twenty per cent. on all cows to be delivered under the contract mentioned in the plaintiff's complaint, or that said alleged agreement with reference to said alleged reduction of twenty per cent. on the gross weight of all cows delivered by plaintiff under said contract mentioned in plaintiff's complaint, or that all of the beef delivered by plaintiff under the contract described in the complaint, was delivered with said alleged additional contract of a reduction of twenty per cent., or any other reduction whatsoever, on the gross weight on all cows he should deliver under the contract described in said complaint."

The testimony of the witness, which was admitted under objection, was as follows: "I was agent for the defendant at the signing and ensealing of the contract between defendant and plaintiff, and signed the same as

agent of defendant. Before the signing of said contract I called the attention of plaintiff to article 3 of the contract between defendant and the government of the United States, and it was then agreed between us that the provisions of said article should become a part of the contract between plaintiff and defendant." "The witness then examined and identified the contract between the defendant and the United States of America, hereinbefore set forth, and testified that this contract was in his possession and shown to plaintiff when the contract with plaintiff was executed."

The objection to the above evidence was upon the ground that it was incompetent "to vary or change said written contract." The article 3 of the contract between the respondent and the government of the United States, mentioned above, is as follows, viz.: "That the party of the first part agrees to pay, or cause to be paid, to the said party of the second part, his heirs, executors and administrators, for all the cattle received under this contract, at the rate or price designated in the above schedule, payment to be made on presentation at the office of Indian affairs of proper receipts, in duplicate, of the respective agents and certificates of inspecting officers, when required by the party of the first part (the government) after the same shall have been properly approved. *Provided*, that for all cows delivered under this contract a deduction of twenty per cent. on the price stipulated in article one (1) shall be made."

From the above pleadings it is evident that the appellant relied entirely upon his contract with the respondent as to the price he was to be paid for beef delivered upon the contract of the government with the respondent. He evidently did not consider himself bound by article 3 of the last-named contract to a reduction of twenty per cent. for cows. Having agreed with respondent for .the sum of "two cents per pound gross weight for each pound of beef so delivered" upon the contract of the govern-

ment with the respondent, there being nothing whatever mentioned therein in relation to a "deduction" for cows, he was not bound by the reduction mentioned in the contract of the government with respondent without an express agreement to that effect. He was bound by his contract with the respondent to perform the respondent's obligations to the government. But the "deduction" of twenty per cent. was not an obligation of respondent to government; it was in substance simply an agreement that the government would pay the respondent twenty per cent. less for cows than the price agreed upon in the schedule of prices for beef, contained in its contract with the respondent.

It would make no difference whether the vouchers or cattle receipts operated as notice or not of such "deduction." The appellant may be said to have had such notice when the contract between the government and respondent was shown to him immediately before the signing of his contract with respondent. I think the question of notice has nothing to do with this case. When the appellant had performed the obligations of respondent to the government stipulated in the contract between it and the respondent, he had a right to insist upon the consideration therefor named in his agreement with respondent, viz., "two cents per pound for each and every pound of beef" delivered to the government, unless such price was modified by some other valid agreement between them. I think this the only view consistent with the facts, as shown by the pleadings and evidence in the case. The appellant relied wholly upon his contract with respondent, as the foundation of his action, for the full sum of two cents per pound. The answer of the respondent does not claim that the appellant is bound by the "deduction" mentioned in the contract of respondent with the government, but "that as between this defendant and said plaintiff it was agreed that said plaintiff should and would stand said reduc-

tion," "and that said agreement, with reference to said deduction, was mutually agreed to and understood by and between this defendant and said plaintiff before any beef was delivered." The answer, therefore, does not contemplate that the appellant was bound by the reduction in any other manner than that he was so bound by a separate and independent agreement.

The replication denies the allegations of the answer, that there was any such agreement as that appellant was to "stand" the reduction of twenty per cent. mentioned in respondent's contract with government for cows delivered thereon. The agreement alleged in the answer was followed up, on the trial, by the attempt on the part of the respondent to establish this allegation by the evidence of the witness above set forth. The proceedings, therefore, throughout show that both parties to the action contemplated that it was only by express agreement to "stand" the reduction, and that by the operation of the contract of respondent with the government, that the appellant (if at all) was bound.

I therefore think that, to maintain that the appellant was bound by the third article of the contract of the respondent with the government, without an express agreement to that effect, is to place a different construction upon the transaction than the parties themselves have done, or than the pleadings and proceedings in the case throughout will warrant. It is, in effect, creating an agreement between parties which they themselves never made nor had in contemplation.

The evidence above stated was offered for the purpose of proving the agreement to "stand" the reduction of twenty per cent. set forth in the answer. It will be observed that the agreement offered to be shown by this evidence to make said article 3 a part of the contract was verbal; that it was made before the contract between them was signed and sealed; and we can have no doubt, from the testimony of the witness, that it was

made when the terms of the contract were under consideration and the negotiations in relation thereto still pending.

By this verbal evidence it was sought to make the above article 3 a part of the contract between appellant and respondent. This would change such written contract by the addition of the stipulation, made in said article 3, from a contract to pay absolutely for beef at the rate of two cents per pound to a contract to pay two cents per pound for all kinds of beef except cows, and for cows two cents per pound, less twenty per cent.

This change of and addition to a written contract, by such a verbal agreement, comes clearly within the well known rule: "That parol contemporaneous evidence is inadmissible to contradict or vary the terms of a written instrument." 1 Greenl. Ev. secs. 282, 285; R. S. Mont. div. 1, sec. 610.

That portion of the contract (article 3) between respondent and the government sought to be made a part of the contract of the parties to the action, it is true, was in writing, but being only between one of said parties and the government, it did not come within the rule of contemporaneous writings, which must be between the parties themselves. 1 Greenl. Ev. sec. 283.

I think the admission of this evidence was an error which affected the substantial rights of the parties, for which the judgment should have been reversed and the cause remanded for a new trial.