HARTNETT, APPELLANT, *v.* STERLING, RESPONDENT.

(No. 5,097.)

(Submitted April 2, 1923. Decided April 11, 1923.)

[214 Pac. 330.]

*Foreclosure of Mortgages—Findings—Evidence—Insufficiency.*

Equity—Findings—When not Disturbed on Appeal.
    1. In an equity case the findings of fact made by the trial court will not be disturbed unless the evidence clearly preponderates against them.

Mortgages—Foreclosure—Findings Unsupported by Evidence—Reversal of Judgment.
    2. In an action to foreclose a mortgage in which the defenses were, *inter alia,* want of consideration and that the mortgage had been paid, evidence reviewed and *held* to show that defendant had at all

times recognized the instrument and the note secured thereby as valid and subsisting obligations, that they were such in fact, and that the evidence clearly preponderated against the findings of the trial court to the contrary.

*Appeal from District Court, Fergus County; Rudolf Von Tobel, Judge.*

Action by Mary A. Hartnett against Harve Sterling. Judgment for defendant, and plaintiff appeals. Reversed and remanded, with directions.

*Mr. Ralph L. Arnold* and *Mr. Ralph J. Anderson,* for Appellant, submitted a brief; *Mr. Arnold* argued the cause orally.

*Mr. Oscar O. Mueller,* for Respondent, submitted a brief, and argued the cause orally.

MR. COMMISSIONER BENNETT prepared the opinion for the court.

This action, commenced by plaintiff, Mary A. Hartnett, against defendant, Harve Sterling, was for foreclosure of a mortgage given by defendant to Michael T. Walsh to secure the payment of a promissory note from defendant to Walsh. The complaint alleges the assignment of the note and mortgage to Elizabeth A. Garrington and the assignment in turn to plaintiff. Otherwise the complaint is in usual form. The answer admits the execution of the note and mortgage and the nonpayment thereof. It proceeds to deny the assignments and the ownership of the note and mortgage by plaintiff. It is alleged that the note and mortgage were given to protect the defendant from creditors "unjustly claiming money due from the defendant." As a further affirmative defense it is alleged that the defendant had at the time of the execution of the mortgage only an equitable interest in the mortgaged premises under a contract of sale and purchase with Walsh, and that the mortgage was given to protect this interest from persons who claimed to be creditors of defendant, and that,

while defendant was indebted to Walsh for a balance of the purchase price of the premises, the note and mortgage were not given to secure this indebtedness. It is further alleged that defendant paid Walsh in full, and that subsequently he deeded the premises to defendant by warranty deed, and that thereby the mortgage was extinguished, of all of which conditions plaintiff had knowledge. Defendant prayed judgment for cancellation of the note and mortgage. After reply, the cause came on for trial before the court without a jury, which resulted in a decree declaring the mortgage null and void and ordering the same canceled. Plaintiff appealed from the judgment.

The only question presented is as to the sufficiency of the evidence to justify the decision.

On this appeal we are governed by the rule that the findings of fact by the trial court will not be disturbed unless it appears that the evidence clearly preponderates against them. (See *Bosanatz* v. *Ostronich,* 57 Mont. 197, 187 Pac. 1009.)

Plaintiff's proof, taken together with the admissions of the answer, was amply sufficient to make out a *prima facie* case entitling her to a decree.

The findings of fact were in effect that at the time of the execution of the mortgage defendant was not the owner of the premises mortgaged, but held the same under a contract of purchase; that the mortgage was without consideration, having been given to protect defendant from persons threatening to sue defendant upon unfounded claims; that, after the execution of the mortgage, defendant paid Walsh the balance of the purchase price for the land, and thereupon Walsh executed and delivered to defendant a warranty deed for the premises; that the indebtedness from defendant to Walsh was thereupon and prior to the assignment to the first assignee of the mortgage fully settled; and that plaintiff was not a purchaser of the mortgage in good faith.

The only evidence to support the findings is given by defendant himself. When all his testimony is taken together, we cannot see how the trial court reached the conclusions which were reached. Defendant admitted that from time to time after he had received the deed to the premises from Walsh he wrote to the attorneys for plaintiff's assignor, to the plaintiff, and to her attorney, offering to deed the mortgaged premises in lieu of payment of the mortgage debt. In one of these letters, written in 1920, he claims to have paid the interest due the year subsequent to the receipt of the deed. At one point in his testimony, speaking of the last-mentioned letter, he testified: ''Why, I got last year a notice from Walker & Walker that Mrs. J. J. Hartnett held the mortgage against me; there had never been any interest paid, or anything paid on the principal; that if I didn't do something right away they was going to close it. Well, I had no crops, nothing to amount to anything, in '17 and '18 and a complete failure in '19; I didn't have any money and I was away in debt; I had my parents to take care of. \* \* \* I have been supporting and taking care of them ever since '16. I didn't know really what to do; I didn't know where I could borrow that money; I couldn't borrow it; so I just sat down and wrote a letter to them, but I couldn't tell you just exactly what I wrote, but anyway I wrote; it was my intention to stall them off if I could until I could get in another crop and get some money to pay them, if I could raise a crop.''

It is beyond our comprehension how any other conclusion can be reached from the testimony than that the note and mortgage were at all times recognized and treated by the defendant as valid and subsisting obligations, and that they were actually such. It is our opinion that the evidence does clearly preponderate against the findings, and that the trial court erred in making the findings which were made.

The trial court should have made findings of fact and conclusions of law and entered a decree in conformity with the

allegations and prayer of the complaint, except as to the amount of interest demanded. As to that, at the trial it was stipulated by plaintiff that no interest was claimed for the first year after the note was given. Interest should therefore only be allowed from and after November 12, 1918.

We therefore recommend that the judgment be reversed, and the cause remanded to the district court, with directions to make findings of fact and enter a decree of foreclosure in conformity with the foregoing opinion.

PER CURIAM: For the reasons given in the foregoing opinion, the judgment appealed from is reversed, and the cause remanded to the district court, with directions to make findings of fact and enter a decree of foreclosure in conformity with the foregoing opinion.

*Reversed and remanded.*