## . AMBLER *v.* ARCHER.

This court will not, in an equity cause, modify a decree passed by it, upon the petition of the unsuccessful party, so as to allow an amendment of the original bill filed in the lower court, where the matters suggested in the petition to be incorporated into the proposed amended bill, would make a new case.

No. 13. Submitted September 29, 1893.—Decided December 5, 1893.

PETITION for the modification of the decree heretofore passed in the same cause* so as to permit an amendment of the original bill of complaint. *Denied.*

### PETITION.

And now come the complainants and petition the court to modify the decree in such manner as to permit them to amend the bill of complaint, and for grounds thereof, among others, state the following:

1. They say that in fact the Vapor Fuel Company of Virginia was authorized by its charter to establish offices in other States and Territories than in Virginia, and that the said Company had its principal business office in the District of Columbia, and that most of the transactions of said Company referred to in said bill took place in the District of Columbia, and a great deal of its business was carried on in said District, and nearly all of the individual defendants reside in the said District and none of them in Virginia, and for the acts complained of against them no suit under the laws of Virginia could be brought as mentioned, and the dismissal of the bill without prejudice to a suit brought in Virginia is of no avail to the complainants, while by implication at least it would appear to be decisive as to any such suit in the District.

---

* Ambler *v.* Archer, 1 App. D. C., 94.

2. The complainants desire to so amend their bill as not to appear to make any claim as stockholders of the International Vapor Fuel Carbon Iron and Manufacturing Company, as organized under the incorporation laws of the District of Columbia, for the collection of unpaid assessments under the charter obtained by them, or to make any claim against said Company or the directors thereof on account of the transactions of said Company; desiring to allege only such matters in reference to what was done by the members thereof as may be necessary to explain the claims which may be properly alleged against the defendants as directors of the Vapor Fuel Company of Virginia.

3. They desire to so frame the bill as not to claim the liability of the defendant as individuals upon contracts made by them only as delinquent directors, and not to put in issue the legality of the stock or the transfer of the stock and assets issued by said Company, but only to show the wrongful and negligent acts of the individual defendants as the directors of the Vapor Fuel Company of Virginia, by which the complainants as stockholders of said Vapor Fuel Company have suffered wrong, the primary wrong being to the Company and they being injured thereby as stockholders thereof.

4. The complainants desire also to strike out the references to the Potomac Manufacturing Company formed to operate in the city of Alexandria, and to what was done in relation thereto.

5. They desire to so frame the bill as not to appear to call for an account from the subordinate corporations mentioned therein any further than may be necessary to show the profits thereof for which the individual defendants as directors should account to the Company or be accountable for, on account of negligence in not realizing for the benefit of the Company.

6. They wish to make it clear that they had nothing whatever to do with the formation of the Vapor Fuel Company of Virginia, and knew nothing of it at the time and had no

thought or purpose to avoid the effect of any law of the District of Columbia, in reference to a corporation using funds for the purchase of any stock in any other corporation. Eight months after the Vapor Fuel Company of Virginia had been organized they took stock therein, in exchange for the stock held by them in the International Company of the District of Columbia, and this was all they had to do with the transactions of the Company in reference thereto. Whatever illegal transactions may have been performed by the Company in reference to the use of funds, these complainants knew nothing and never had anything to do with them. They simply purchased the stock of the Vapor Fuel Company of Virginia for a valuable consideration, to wit: their own stock, not by any of the funds of the Company, and they had nothing to do with the use of the funds of the Company in the purchase of stock of any other corporation. They simply exchanged their own individual stock for stock in another corporation, which it is claimed is not within the prohibition of the statute relating to a company issuing its funds for the purchase of stock in another corporation.

The complainants have never had an opportunity to be heard upon this point, it having not been made by counsel for defendant and for that reason was not discussed.

7. The complainants wish to frame their bill so as to make it entirely clear that they are seeking relief only as stockholders of the Vapor Fuel Company of Virginia against the individual defendants on account of their official transactions as indicated, not seeking any relief against the International Company of the District of Columbia, nor the Vapor Fuel Company of Virginia, as a company, making it a party because by law required so to do in such cases, and making no claims against it, but only for their share of what may be realized as the result of this suit brought practically in its behalf, as stockholders may do when the Company refuses itself to bring suit.

They desire to make it appear clearly that they simply ask that the individual defendants account to the Company, and

that these complainants may have their share as stockholders, and that it is only for such purposes that they pray for discovery and an account.

8. The complainants desire to have an opportunity under the advice of counsel to so prepare the bill if possible in other respects as to remedy the defects set forth in the opinion of the court. They believe that they have been deeply wronged through the acts of the defendants, which a court of equity would redress if properly presented.

This court has not decided this case as it says, upon its merits, and complainants know of no other way in which these merits can be examined except by an amended bill setting up their claims properly, and they respectfully ask that they may have an opportunity so to do according to the law as indicated by the court in its opinion.

AUGUSTIN I. AMBLER,
ROSALINE N. AMBLER.

Messrs. *Willoughby & Willoughby* for the petitioners.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

After this case was decided by this court, and the decree passed dismissing the bill without prejudice, the appellants made application for a modification of the decree, so they could obtain leave to amend their bill of complaint, to obviate and remove the objections and difficulties pointed out in the opinion of the court, to maintaining the present bill of complaint. But this application cannot be granted. There is nothing in the case to amend by, or which can be so shaped by amendment as to make a case maintainable in this jurisdiction. The matters suggested to be incorporated into the amended bill proposed would make a new case, and not matter simply to be added to or in modification of the allegations of the present bill. If the appellants desire to avail themselves of the matters suggested as amendment to the present bill, the best and most regular mode of procedure will be by filing an original bill. We do not, however, de-

sire to be understood as intimating any opinion as to the effect of the new matter proposed to be incorporated as amendments of the present bill. That question can only arise when such new matter is presented in an original bill.

The motion to modify the decree with leave to amend the original bill must be refused.

*Motion denied and petition dismissed.*