SHERBURNE MERCANTILE CO., RESPONDENT, *v.* BONDS, APPELLANT.

(No. 8399.)

(Submitted December 15, 1943. Decided February 10, 1944.)

[145 Pac. (2d) 827.]

*Mr. S. J. Rigney,* for Appellant, submitted an original and a supplemental brief, and argued the cause orally.

*Messrs. Ford & Fitzstephens, Mr. James E. Burdett, Jr.,* and *Messrs. Jardine, Case & Stephenson,* for Respondent, submitted an original and a reply brief; *Mr. Burdett* argued the cause orally.

MR. CHIEF JUSTICE JOHNSON delivered the opinion of the court.

This is an appeal by defendant Mabel Monroe Bonds from a judgment and decree quieting plaintiff's title to certain land in Glacier county, as against her and other defendants.

The bill of exceptions was necessarily stricken from the record for the jurisdictional reason that it was not presented for settlement within the time prescribed by law. The record therefore consists only of the remainder of the judgment roll, as defined by sections 9402 and 9409, Revised Codes, together with a copy of the notice of appeal. The complaint is in the usual short form for quiet title suits.

The second amended answer originally consisted of a traverse of the complaint, five affirmative defenses, and a cross-complaint, denominated "defense and counterclaim," seeking a decree quieting title in defendant. However, on plaintiff's motion the trial court ordered the second, fourth and fifth affirmative defenses stricken in full, together with portions of the first and third affirmative defenses and of the cross-complaint. No specification of error being predicated upon the order in question, only the traverse, the first and third affirmative defenses, and the cross-complaint are before us.

The transcript shows a motion by defendant to add to the amended answer two new defenses, Nos. 7 and 8, but the ruling upon the motion does not appear in the record and therefore the proposed additional defenses are not before us.

The affirmative allegations of the second amended answer, including the two affirmative defenses and the cross-complaint, were all placed in issue by the reply, which also set up three affirmative defenses directed to the entire answer, namely, that defendant's alleged claims were barred by sections 9015 and 9016, Revised Codes, that the plaintiff had had adverse possession of the property and had paid the taxes thereon for ten years immediately preceding the commencement of the action, and that the defendant was guilty of laches in waiting until the property had increased in value and plaintiff's rights in making defense had been prejudiced. Defendant filed a "sur-reply" in which she denied the allegations of the first and second affirmative defenses of the reply but not of the third. However, that is immaterial, since "an allegation * * * of new matter in a reply, is to be deemed controverted by the adverse party." (Sec. 9178, Rev. Codes.)

The court's findings of fact material to mention here are that plaintiff is, and ever since December 20, 1923, has been, the owner of the land in question and entitled to the possession thereof; that plaintiff has, and for more than ten years has been, "in the actual, visible, open, notorious, exclusive, hostile, continuous and adverse possession" thereof and during that period has paid the taxes thereon; that defendant failed for more than twenty years to prosecute any claims to the land; that during such time it has greatly increased in value and that plaintiff has been prejudiced in making defense to defendant's claims; that defendant has made no offer to repay plaintiff for any taxes paid on the land or any improvements placed thereon; that defendants claim some right, title, estate or interest in the land but that their claims are without merit.

The court's conclusions of law are that the defendant's claims are barred by sections 9015 and 9016, Revised Codes; that plaintiff has obtained title by prescription as against the defendants; that defendant's claims are barred by laches; that she is entitled to no relief because of her violation of the maxim "He who seeks Equity must do Equity;" and that plaintiff is entitled to a

468

decree quieting title to the land as against defendant. Decree was entered accordingly.

It will not be necessary to examine defendant's exceptions to the findings and conclusions.

Most of the eleven specifications of error relate to the correctness of the findings of fact and the sufficiency of the evidence to sustain them. These are eliminated because in the absence of the evidence from the record we are precluded from inquiring whether it is sufficient to sustain the findings, since error or prejudice cannot be presumed. (Sec. 9191, Rev. Codes; *Lindeberg* v. *Howe,* 67 Mont. 195, 215 Pac. 230.) Defendant contends that in spite of the absence of the evidence this court may review the findings, first, because the judgment roll contains no reply to the proposed seventh and eighth affirmative defenses, and that the allegations of those additional defenses are to be considered admitted; and, second, because in spite of the striking of the second affirmative defense from the answer, plaintiff's reply admitted certain of its allegations. But there is nothing before us indicating that the motion was ever granted and the proposed seventh and eighth affirmative defenses added to the answer; and the record affirmatively shows that the second affirmative defense was eliminated from the answer and is therefore not before us. The correctness of the trial court's order striking that defense is not questioned by the appeal.

Furthermore, even if such admissions or tacit admissions were before us in this state of the record, we could still not inquire into the sufficiency of the evidence to sustain the findings. As we pointed out in *Valier-Montana L. & W. Co.* v. *Ries,* 109 Mont. 508, 97 Pac. (2d) 584, 589: "This is true even if the evidence necessary to sustain them might have been excluded as not warranted by the pleadings (citing cases), or might relate to an issue or theory not pleaded (citing cases), *or might even be contrary to express allegations or admissions in the pleadings (Kelly* v. *Gullickson,* 75 Mont. 66, 241 Pac. 623; *Baker* v. *Union Assur. Soc.,* 81 Mont. 281, 264 Pac. 132), since in any event such evi-

dence may have been admitted without objection and may thus have amended the pleadings.''

We are thus limited to an examination of the law questions raised by the specifications of error, namely, whether the decree is sustained by the conclusions of law and the latter by the findings of fact, express and implied; and in that connection we must imply any finding not specifically made but necessary to support the conclusions and decree, unless such implied finding is inconsistent with the express findings made. (*Crosby* v. *Robbins,* 56 Mont. 179, 182 Pac. 122; *Valier-Montana L. & W. Co.* v. *Ries,* supra.)

Since the record shows no finding of fact inconsistent with the conclusions of law or with any implied finding necessary to sustain the conclusions, and since the latter amply sustain the decree quieting plaintiff's title to the property as against the defendants, the decree must be and hereby is affirmed.

ASSOCIATE JUSTICES ANDERSON, ERICKSON, MORRIS and ADAIR concur.