WARD H. JONES AND GRACE E. JONES, HUSBAND AND WIFE, RALPH J. FREMOU AND HELEN L. FREMOU, HUSBAND AND WIFE, CORBLY LASH AND JEANETTE LASH, HUSBAND AND WIFE, AND WALLACE S. ROSS AND BETTY JEAN ROSS, HUSBAND AND WIFE, PLAINTIFFS AND APPELLANTS, *v.* THE CONTINENTAL OIL COMPANY, A CORPORATION, DEFENDANT AND RESPONDENT.

No. 9670.
Submitted June 28, 1956. Decided August 16, 1956.
300 Pac. (2d) 518.

Mr. Jack L. Green, Missoula, for appellant.
Messrs. Smith, Boone & Rimel, Missoula, for respondent.
Mr. Green and Mr. Russell E. Smith argued orally.

MR. JUSTICE DAVIS:

Appeal from a final judgment, entered by the district court

for Missoula County, which denied injunctive relief, dismissed the plaintiffs' (appellants') complaint, and authorized the construction by the defendant (respondent) of a service station in south Missoula, a Class B residential district or zone of the City of Missoula, Montana. The plaintiffs' specifications of error, five in number, present for decision on their appeal the single question whether on the facts the district court correctly concluded that the defendant was authorized under the zoning ordinance of that city to build the service station in question. If so, the judgment entered for the defendant must stand.

No bill of exceptions incorporating the evidence and pro- [1] had at the trial below appears in the record brought to this court. The judgment roll alone is before us. The rule is then that the facts which we may review are those specifically set out in the findings made by the trial judge, supplemented by such implied findings not inconsistent with the specific findings made as may be necessary to sustain the judgment or decree entered. Colwell v. City of Great Falls, 117 Mont. 126, 129, 157 Pac. (2d) 1013; Bohart v. Songer, 110 Mont. 405, 408, 101 Pac. (2d) 64; Brubaker v. D'Orazi, 120 Mont. 22, 24, 179 Pac. (2d) 538; Park Saddle Horse Co. v. Cook, 89 Mont. 414, 418, 419, 300 Pac. 242; Ferguson v. Standley, 89 Mont. 489, 495, 300 Pac. 245; Sherburne Mercantile Co. v. Bonds, 115 Mont. 464, 468, 469, 145 Pac. (2d) 827.

A corollary of this rule is that where the evidence before the trial court is not brought here with the judgment roll the presumption will be indulged that the evidence was sufficient to support the court's findings at every point. Gillen v. Gillen, 117 Mont. 496, 501, 159 Pac. (2d) 511; Brubaker v. D'Orazi, supra, 120 Mont. at page 29, 179 Pac. (2d) at page 542; Tiffany v. Uhde, 123 Mont. 507, 513, 216 Pac. (2d) 375; Skillen v. Harris, 90 Mont. 389, 392, 393, 3 Pac. (2d) 1054; McBride v. School District No. 2, 88 Mont. 110, 113, 290 Pac. 252; Park Saddle Horse Co. v. Cook, supra, 89 Mont. at page 418, 300 Pac. at page 243; Ferguson v. Standley, 89 Mont. 489,

495, 300 Pac. 245; Sherburne Mercantile Co. v. Bonds, 115 Mont. 464, 468, 469, 145 Pac. (2d) 827. These rules which govern our review on this appeal are elementary, and so firmly established as to require no extended citation of authority to support them.

With them in mind we gather from the findings which the trial court made the following controlling facts: The plaintiffs are the owners of real property in south Missoula, a Class B residential zone or district of the City of Missoula, Montana, where they reside, and where upon certain described lots owned by the defendant a filling station used for the sale of gasoline, lubricants and motor vehicle parts and accessories has been maintained for twenty years at least. This real estate, which the defendant purchased some time after February 15, 1953, is presently possessed and operated by it. At the time of this purchase this property was, and now is, improved with an unsightly service station constructed of wood, which constitutes a fire hazard and is not suited to the "modern dispensing of motor fuels and other automobile supplies and assessories". Accordingly the defendant proposes to erect on this property a new, modern service station. On April 13, 1955, it received a building permit for this work from the building inspector of the City of Missoula, Montana, issued under Ordinance No. 728 of the City of Missoula, which it is conceded applies to the construction of new buildings in a Class B residential zone of that city. For the purposes of this review we assume, as the plaintiffs' counsel contends, that this ordinance reaches the defendant here, and makes it mandatory for it to have a valid permit issued strictly in accord with the ordinance as an indispensable condition precedent to its right to reconstruct this service station.

The parties are in agreement, and the court found, that the ordinance in issue insofar as it is here material reads in these words, viz.,

"Either a public garage, store building or a filling station may be established or erected in this district, if, when the

the permit is issued, there is on file with the building inspector the written consent of the owners of the property adjoining, and the written consent of the owners of the property lying directly across the street or alley from the property upon which the public garage, store building, or filling station is sought to be established or erected, together with the written consent of the owners of not less than seventy-five per cent of all the property within a distance of three hundred feet of the lot upon which the proposed establishment is to be erected; provided, that * * *.''

Consistent with this ordinance, as the lower court's findings read, the defendant obtained the required consents of the owners of the property in this area, and thereafter about February 15, 1953, filed this consent with the building inspector of the city. It then purchased the property for $18,890, but did not at that time take out the permit itself or proceed immediately with the rebuilding of the station because of certain defects in the title which had been subsequently discovered. It was not until the fall of 1954 that these defects were cured. In the meantime the building inspector had extended the defendant's time for beginning the construction of the new station; on April 13, 1955, he issued the permit to the defendant which the ordinance contemplates.

In this connection the trial court expressly found these further facts, viz.,

''That at the time and on the 13th day of April 1955, there was on file in the offices of the said Building Inspector the written consent of the owners of the property adjoining and the written consent of the owners of the property lying directly across the street or alley from the property upon which the service station was sought to be established, together with the written consent of the owners of more than 75% of all of the property within a distance of 300 feet of the lots upon which the proposed service station was sought to be established.''

Nothing elsewhere in the findings upon which the judgment below rests contradicts the fact of the owners' consents given

as the ordinance directs, and as the trial court's finding here quoted expressly establishes. True, the plaintiffs allege in their complaint that the ''ownership of property, both legal and equitable, had changed since the consent had been filed; that the situation in the area had materially changed * * *.'' True also, the defendant by its answer admits ''changes in ownership between June 6, 1953, and the date hereof''; it categorically denies, however, that these changes affected the validity of the permit issued April 13, 1955. The issue thus drawn and accepted as one of fact by court and counsel below has been resolved against the plaintiffs by the lower court in its finding which we have quoted; and there is nothing in the record to support or suggest a finding to the contrary. Indeed, implicit in the express finding which the court made upon this point, as we have quoted it, is the further supplementary finding that none of the changes in the ownership of the property in the area, which are admitted, affected in any way the consents required by the ordinance and given, as the trial court has expressly stated, conformable to the requirements of that ordinance. Again there is nothing in the record to contradict the fact here which the judgment roll establishes, and which established sustains both the conclusions of law and the judgment before us.

Nor is there anything in this record to indicate the defendant's application for this permit either lapsed or became stale for any want of diligence or absence of good faith on its part. The findings which the district court made are precisely to the contrary.

These express findings made by the trial judge may not then be contradicted by the implied finding inconsistent with them, which the plaintiffs' counsel presses upon us, and which must be made under any construction of the facts before us to sustain his contention, viz., the consents which the ordinance makes mandatory were not in fact on file with the building inspector when he gave the defendant its permit to build. We may not permissibly make or imply any such finding in the

face of the facts established by the district court, as the judgment roll before us shows, either by express recital or necessary implication; i. e., unless the evidence is preserved in the bill of exceptions and brought up as the statute provides. Crosby v. Robbins, 56 Mont. 179, 193, 182 Pac. 122; Sherburne Mercantile Co. v. Bonds, supra, 115 Mont. at page 469, 145 Pac. (2d) at page 829.

It follows that the judgment of the district court is supported by the findings found in the judgment roll, that the court's conclusions of law drawn therefrom are correct, and that the plaintiffs are not entitled to the relief they ask. The judgment below is accordingly affirmed; the injunction issued out of this court on the plaintiffs' motion pending this appeal is dissolved.

MR. CHIEF JUSTICE ADAIR, and MR. JUSTICES ANDERSON, ANGSTMAN and BOTTOMLY, concur.