CORA E. JOY, Plaintiff, v. FORREST LITTLE and LaVon LITTLE, et al.,Defendants. LEE JOY and BERNIECE E. JOY, his wife, Appellants and Cross-Complainants, v. FORREST LITTLE and LaVON LITTLE, his wife, Respondents and Cross-Defendants.

No. 9760.

Submitted March 25, 1958. Decided July 30, 1958.

328 Pac. (2d) 636.

Corette, Smith & Dean, Butte, Collins & Burns, Dillon, for appellants.

John Collins, Dillon, and Kendrich Smith, Butte, argued orally for defendants.

J. F. Emigh, H. D. Carmichael, Butte, McFadden & Davis, Dillon, for respondents.

Theodore McFadden, Dillon, argued orally for respondents.

MR. JUSTICE ANGSTMAN:

This action involves the rights of parties to a written contract for the sale of real estate and personal property. Lee Joy and his wife Berniece, were the sellers and Forrest Little and his wife LaVon, were the buyers. The sale was made on February 28, 1952, and named a consideration of $87,500, of which $5,000 was paid at or prior to the time of signing the contract, and $20,375 was to be paid on or before March 1, 1952, and $5,177.08 on the 1st day of March each year thereafter until payment was made in full. Unpaid balances were to draw interest at the rate of five percent per annum.

The time of making certain installment payments was extended by supplemental written agreements. The contract recited that in the event of default on the part of the purchaser in any of the payments for a period of thirty days, the balance of the purchase price then remaining unpaid, together with accrued interest would become immediately due and payable, "or at the option of the Sellers" all rights acquired by the purchasers would become "void and of no further force or effect" and that upon the exercise of such option by the sellers, the "buyers shall not be entitled to the return of all or any part of the moneys theretofore paid by them pursuant to the terms and conditions of this contract, and all such moneys shall be deemed and considered as rental for the use and occupation of said lands and premises and the use of said personal property by the Buyers up to the time of default, and as liquidation damages for such default, and not as a penalty."

The contract also provided for a lien against the land in favor of Cora E. Joy, mother of Lee Joy, to secure payments of certain sums of money to thereafter become due to her from Lee Joy and his wife.

The purchasers took possession of the property on March 3,

1952. They have since remained in possession, and paid in excess of $33,000 on the purchase price, inclusive of interest, but failed to pay the installment coming due on March 1, 1954.

Other facts alleged and found by the court will be alluded to later.

This action was brought by Cora E. Joy to foreclose the lien for her benefit. Lee Joy and his wife, Berniece, filed cross complaint against the purchasers, the Littles, setting out the foregoing facts, and alleging that they had performed all things required of them under the contract as modified except that they had not deposited in escrow the instruments mentioned in the contract until April 22, 1954, but alleging facts tending to show that the purchasers waived this requirement of the contract. They alleged that the purchasers have ''failed, neglected and wilfully refused to perform the obligations required of them'' under the contract as modified. They further alleged that the purchasers have been guilty of wilful breaches of the contract in several specified particulars, and that on June 1, 1954, the sellers served notice upon the purchasers reciting that the purchasers ''have failed and refused to carry out the terms, provisions and covenants of said agreements to be performed by them and have failed   *   *   *   and refused to make the payment of principal and interest due on March 1, 1954, * * * and said default having continued for a period of more than thirty (30) days, the undersigned hereby give notice to said Forrest Little and LaVon Little, his wife, that the entire balance of the purchase price, including principal and interest, under said agreement is now due and payable and demand is hereby made for the payment of the same.   *   *   *

''*   *   *   that under said agreements hereinbefore referred to, there has heretofore been deposited with the State Bank & Trust Company at Dillon, Montana, all of the documents and instruments required to be filed and deposited by the undersigned with said Bank.''

On November 20, 1954, the following letter is alleged to have been sent to the purchasers:

"Forrest Little and LaVon Little

"Dear Mr. and Mrs. Little:

"You, and each of you, are hereby notified that unless you pay to the undersigned, Lee Joy and Berniece E. Joy, his wife, on or before the 20th day of December, 1954, the entire sum due from you to them under and by virtue of that certain contract dated February 28, 1952, between Lee Joy and Berniece Joy, his wife, as 'Sellers' and Forrest Little and LaVon Little, husband and wife, as 'Buyers' which said agreement was modified by an agreement dated April 1, 1953, between the same parties and further modified by an agreement dated December 31, 1953, between the same parties, then and in that event the undersigned, Lee Joy and Bernice [sic] E. Joy, will terminate, and your said failure will terminate, all of your rights under said contract as so amended, together with all the payments heretofore made by you thereon, and all such monies shall be deemed and considered as rental for the use and occupation of the land and premises and use of the personal property by you up to said date and as liquidated damages for such default, and all your defaults, and not as a penalty.

"You, and each of you, are hereby notified of and served with an instrument dated June 1, 1954, and marked Exhibit 'A' and hereby attached hereto which said Exhibit 'A' was heretofore served upon you and which is now again served upon you.

"/s/ Lee Joy
"/s/ Bernice E. Joy."

The Littles filed answer to the cross complaint containing admissions and denials and an affirmative defense. The affirmative defense alleged failure of the sellers to execute and deliver in escrow the necessary papers; that the purchasers had paid in excess of $33,000 on the contract and had made certain improvements on the property involving expenditures of more than $1,300, and alleged the failure of the sellers to meet their obligations under the contract in several particulars; that on

March 31, 1954, they, as purchasers, rescinded the contract by giving the following notice:

"To Lee Joy and Berniece E. Joy:

"You, and each of you, will please take notice that the undersigned intend to, and do hereby rescind that certain written contract dated the 28th day of February, 1952, wherein and whereby you agreed to sell, and the undersigned agreed to buy, certain real and personal property situated in Beaverhead County, Montana, in said contract described, for the price and upon the terms and conditions in said contract set out.

"Said rescission is based upon each of the following grounds:

"(a) Your failure to deliver to the undersigned for examination, as in said contract provided, an abstract of the title to the real property agreed to be sold and purchased in and by said contract.

"(b) Your failure to deliver a bill of sale, in escrow, as in said contract provided, to State Bank & Trust Company, of Dillon, Montana, transferring to the undersigned the personal property agreed to be sold in and by said contract, for delivery to the undersigned upon performance by them of said contract.

"(c) Your failure to deliver an assignment, in escrow, as provided in said contract, to State Bank & Trust Company, of Dillon, Montana, assigning to the undersigned the State land lease in said contract described, for delivery to the undersigned upon performance by them of said contract.

"(d) Your failure to deliver an assignment, in escrow, as provided in and by said contract, to State Bank & Trust Company of Dillon, Montana, assigning to the undersigned the Taylor Grazing permit in said contract described, for delivery to the undersigned upon performance by them of said contract.

"(e) Your notifying the undersigned that you would refuse to consent to the sale by them of their right, title and interest in and to said contract, if they found a purchaser for the same, after having previously promised the undersigned and agreed with them, that you would give such consent.

"(f) Your failure to place a copy of said contract, in escrow, with State Bank & Trust Company of Dillon, Montana.

"(g) That said contract is so indefinite and uncertain that the same is unenforceable.

"(h) Any and every additional ground, if any, which entitled the undersigned to rescind said contract.

"The undersigned hereby offer to restore to you everything of value which they have received from you pursuant to said contract, and to surrender to you the possession of all of said properties agreed to be sold and purchased in and by said contract and to do and perform all acts which might be necessary or proper in order to restore to you the properties and things of value received from you pursuant to said contract, as fully and completely as if said contract had never been made, upon the condition that you likewise restore to the undersigned everything of value which you have received from the undersigned pursuant to said contract, as fully and completely as if said contract had never been made."

The Joys joined issue by filing a reply to the affirmative defense of the buyers.

The cause was tried to the court sitting without a jury. Findings of fact and conclusions of law followed, in which the court found that the reasonable rental value of the property is $7,000 per year; that the purchasers fed hay of the value of $1,000; that it would be inequitable for the sellers to retain what has been paid by the purchasers less the actual rental of $7,000 per year and the $1,000 for the value of the hay, and gave judgment to the purchasers in the sum of $8,218.46, with interest, subject to the lien in favor of Cora E. Joy. This appeal followed.

The court's action was based upon section 17-102, R.C.M. 1947, of our codes, which reads:

"Whenever, by the terms of an obligation, a party thereto incurs a forfeiture, or a loss in the nature of a forfeiture, by reason of his failure to comply with its provisions, he may be relieved therefrom, upon making full compensation to the other

party, except in case of a grossly negligent, wilful, or fraudulent breach of duty."

It should be noted that the pleadings do not purport to make out a case under section 17-102, supra.

The purchasers here sought to rescind the contract upon grounds stated in their notice, but the court expressly found that the purchasers were not entitled to rescind the contract. It also found that the sellers are entitled to possession of the property and that the rights of the buyers have terminated. We do not have before us the evidence adduced at the trial. It is the contention of the buyers that we must deem the complaint amended so as to bring the case within the provisions of section 17-102, since the court found that the buyers are entitled to its protection.

It is well-settled that in order to invoke the protection of this section a party must plead and prove facts bringing himself within its purview. Clifton v. Willson, 47 Mont. 305, 132 Pac. 424; Donlan v. Arnold, 48 Mont. 416, 138 Pac. 775; Fratt v. Daniels-Jones Co., 47 Mont. 487, 133 Pac. 700; Ellinghouse v. Hansen Packing Co., 66 Mont. 444, 213 Pac. 1087.

We have frequently held that pleadings will be deemed amended to conform to proof received without objection. A few of the cases so holding are: Nuhn v. Nuhn, 97 Mont. 596, 37 Pac. (2d) 571; Rhule v. Thrasher, 88 Mont. 468, 295 Pac. 266; Ingebrightsen v. Hatcher, 87 Mont. 482, 288 Pac. 1023; Davis v. Claxton, 82 Mont. 574, 268 Pac. 787; Parsons v. Rice, 81 Mont. 509, 264 Pac. 396; Blackwelder v. Fergus Motor Co., 80 Mont. 374, 260 Pac. 734; Jones v. Continental Oil Co., 130 Mont. 267, 300 Pac. (2d) 518.

In Valier-Montana Land & Water Co. v. Ries, 109 Mont. 508, 520, 97 Pac. (2d) 584, 589, we said:

"And in the absence of the evidence from the record we are precluded from inquiring whether it was sufficient to sustain the findings, whether express or implied, for under section 9191, Revised Codes [1921, now R.C.M. 1947, section 93-3909], error or prejudice will not be presumed. Lindeberg v. Howe, 67

Mont. 195, 215 Pac. 230. This is true even if the evidence necessary to sustain them might have been excluded as not warranted by the pleadings (Fabian v. Collins, 3 Mont. 215, 33 Pacific States Rep. 215; Alderson v. Marshall, 7 Mont. 288, 16 Pac. 576; Post v. Liberty, 45 Mont. 1, 121 Pac. 475; Moss v. Goodhart, 47 Mont. 257, 131 Pac. 1071; Ellinghouse v. Ajax Livestock Co., 51 Mont. 275, 152 Pac. 481, L.R.A. 1916D, 836; Galland v. Galland, 70 Mont. 513, 226 Pac. 511; Nuhn v. Nuhn, 97 Mont. 596, 37 Pac. (2d) 571), or might relate to an issue or theory not pleaded (Capital Lumber Co. v. Barth, 33 Mont. 94, 81 Pac. 994; Lackman v. Simpson, 46 Mont. 518, 129 Pac. 325; State ex rel. Dansie v. Nolan, 58 Mont. 167, 191 Pac. 150; First Nat. Bank of Raymond v. Robke, 72 Mont. 527, 235 Pac. 327; La Bonte v. Mutual Fire & Lightning Ins. Co., 75 Mont. 1, 241 Pac. 631; Harrington v. Deloranne Refining Co., 99 Mont. 78, 43 Pac. (2d) 660), or might even be contrary to express allegations or admissions in the pleadings (Kelly v. Gullickson, 75 Mont. 66, 241 Pac. 623; Baker v. Union Assur. Soc., 81 Mont. 281, 264 Pac. 132), since in any event such evidence may have been admitted without objection and may thus have amended the pleadings.''

This was followed in the later case of Sherburne Mercantile Co. v. Bonds, 115 Mont. 464, 145 Pac. (2d) 827.

In none of the cases heretofore considered by this court has the rule been applied to a situation where the findings and decree are based upon an entirely different cause of action from that alleged in the pleadings. It is true that in State ex rel. Dansie v. Nolan, supra, the theory of the case was changed from that asserted in the pleadings, but that was done where it appeared that the case was actually tried on a different theory. There, this court had the evidence before it.

The better practice, and that usually followed in other jurisdictions, is for the party who desires to have his pleading amended to conform to proof admitted without objection to have the amendment actually made. 30 C.J.S. Equity, section 402, page 817. In such cases the amendment will not be

permitted when the effect is to depart from the original cause of action or to make a new case and one different from that alleged in the pleadings. It may be done only to correct the pleading in certain of its particulars, but leaving the case still controlled by the pleading as to the nature of the cause of action or defense. Floyd v. Duffy, 68 W. Va. 339, 69 S.E. 993, 33 L.R.A., N.S., 883; Lesser-Goldman Cotton Co. v. Adams, 158 Ark. 10, 249 S.W. 371; Ambler v. Archer, 1893, 2 App. D.C. 41. That is the generally accepted rule even in cases where amendments are sought before trial. 71 C.J.S. Pleading, section 290, page 642.

This court has recognized this principle of law in Toljan v. Floyd, Mont., 326 Pac. (2d) 971.

Were we to sustain the court's judgment here, we would be ▮ permitting a party to go into court with a pleading asserting one cause of action, and come out with findings and a decree based upon an entirely different cause of action. In the absence of the evidence, we will not deem the complaint amended so as to sustain findings and judgment on an entirely different cause of action or defense than that asserted in the pleadings.

It seems to us, as it did to the trial judge, that if defendants can make out a case under section 17-102, supra, they should be permitted to do so and ought not to forfeit all of the money which they paid. But to prevail on this ground they must allege and prove a case falling within the terms of the statute.

The judgment is reversed and the cause remanded for new trial with directions to allow defendants the right to amend their answer to the cross complaint if they care to do so.

MR. CHIEF JUSTICE HARRISON, and MR. JUSTICE CASTLES, and THE HONORABLE ERNEST E. FENTON, District Judge (sitting in place of MR. JUSTICE BOTTOMLY, concur.

MR. JUSTICE ADAIR:

I concur in the result but not in all that is said in the foregoing opinion.