[No. 14398.   In Bank. — March 30, 1892.]

FIRST NATIONAL BANK OF SAN DIEGO, RESPONDENT, v. JOSEPH FALKENHAN ET AL. CORONADO BEACH COMPANY, APPELLANT.

NON-NEGOTIABLE PROMISSORY NOTE — STIPULATION FOR ATTORNEY'S FEE. — A promissory note which contains a stipulation for an attorney's fee is not a negotiable instrument.

ID. — INDORSEMENT OF NON-NEGOTIABLE NOTE. — In respect to the immediate indorsee of the payee of a non-negotiable promissory note, the indorsement ordinarily creates the same liabilities and obligations as the indorsement of a negotiable note.

ID. — WAIVER OF PROTEST. — A waiver of "protest," made upon the indorsement of a non-negotiable promissory note by the payee, is equivalent to a waiver of demand for payment and notice of non-payment.

Appeal from a judgment of the Superior Court of San Diego County.

The facts are stated in the opinion.

*Works, Gibson & Titus,* and *Hunsacker, Britt & Goodrich,* for Appellant.

The note sued on was not negotiable. (*Adams* v. *Seaman,* 82 Cal. 636.) The indorsement by the appellant simply had the effect of assigning to and vesting in the plaintiff the title to the note and the right to sue thereon, but created no liability on the part of the indorser to pay it. (Civ. Code, sec. 1459; Daniel on Negotiable Instruments, sec. 709; Edwards on Bills and Notes, sec. 357; *Fear* v. *Dunlap,* 1 G. Greene, 331; *Story* v. *Lamb,* 52 Mich. 525; *First Nat. Bank* v. *Gay,* 71 Mo. 627; *Kline* v. *Keiser,* 87 Pa. St. 485; *Absecom etc. Ass'n* v. *Leeds,* 50 N. J. L. 399; *South Bend Iron Works* v. *Paddock,* 37 Kan. 510; *Gray* v. *Donahoe,* 4 Watts, 400; *Bank* v. *Piollet,* 126 Pa. St. 194; *Wright* v. *Hart,* 44 Pa. St. 454; *Patterson* v. *Poindexter,* 6 Watts & S. 234, 235; 40 Am. Dec. 554; 1 Am. Lead. Cas. 321.)

*Conklin & Hughes,* for Respondent.

The payee of a non-negotiable note is liable to his immediate indorsee, as in the case of negotiable paper. (1 Daniel on Negotiable Instruments, 3d ed., sec. 664; 2 Randolph on Commercial Paper, secs. 658, 660, 661; Story on Promissory Notes, secs. 128–130; Byles on Bills and Notes, 113; Edwards on Bills and Notes, 230; *Long* v. *Smyser,* 3 Iowa, 266; *Billingham* v. *Bryan,* 10 Iowa, 317; *Leidy* v. *Tammany,* 9 Watts, 353; *Josselyn* v. *Ames,* 3 Mass. 274; *Jones* v. *Fales,* 4 Mass. 245; *Wareham Bank* v. *Lincoln,* 3 Allen, 192; *Sweetser* v. *French,* 13 Met. 262; *White* v. *Low,* 7 Barb. 204; *Seymour* v. *Van Slyck,* 8 Wend. 421.) No protest or notice is necessary to fix the liability of an indorser of a non-negotiable note. (Randolph on Commercial Paper, sec. 1200; Daniel on Negotiable Instruments, sec. 927; *Billingham* v. *Bryan,*

10 Iowa, 317; *Seymour* v. *Van Slyck,* 8 Wend. 421.) In any event, however, waiver of protest waives demand and notice. (Daniel on Negotiable Instruments, secs. 1094–1095 a; *Baker* v. *Scott,* 29 Kan. 136; 44 Am. Rep. 628; *Bank* v. *Kettering,* 106 Pa. St. 531; 51 Am. Rep. 536, and authorities cited. See *Matthey* v. *Gally,* 4 Cal. 63; 60 Am. Dec. 595.)

Temple, C. — This is an appeal by the defendant corporation from that part of the judgment which authorizes judgment against that defendant.

The action is brought upon a promissory note executed by the other defendant to the appellant, and is not negotiable, because it contains a stipulation for an attorney's fee.

In the complaint the note is set out at length, and it is averred "that on the thirtieth day of August, 1888, before the maturity of said note, the defendant, the Coronado Beach Company, for a valuable consideration, waived protest in writing thereon, and indorsed said note in blank, and then and there delivered the same to plaintiff." It also alleges demand and non-payment, but does not aver notice to the indorser.

To this complaint the appellant interposed a general demurrer, which having been overruled, it answered, denying that it waived protest, or that demand had been made on the maker, and averring that no notice of non-payment by the maker had been given.

The maker answered, alleging that he paid the note in question to the appellant, April 7, 1888, which was prior to the maturity of the note or its assignment to plaintiff.

The court found in regard to the assignment of the note and waiver of protest as charged in the complaint, and that no part of the principal or interest had been paid to plaintiff; and also that the other defendant had paid the appellant the amount due on the note prior to its maturity or assignment.

It is contended by appellant that the complaint does

not state a cause of action, and that the demurrer should have been sustained.

This raises two questions: Is one who assigns a non-negotiable note by writing his name on the back and delivering it to the assignee liable as an indorser? and if so, was appellant entitled to notice of non-payment?

Upon the first question, the authorities are not harmonious, but a review of them will show that ever since the statute of 3 and 4 Anne there has been a disposition to hold one who transfers a non-negotiable promissory note to a responsibility beyond that of an assignor of other choses in action. The rules applicable to negotiable paper have to some extent been applied to such assignments. The first departure seems to have been to hold that such indorser is liable as the maker of a new note, or as the drawer of a new bill, as had been sometimes held as to the indorser of a negotiable promissory note. (*Liedy* v. *Tammany*, 9 Watts, 353.) Judge Kennedy, in the above case, quotes Lord Mansfield in *Heglin* v. *Adamson*, 2 Burr. 676, to the effect that the indorsement is an order by the indorser upon the maker of the note to pay the amount thereof to the indorsee. This view seems to have been very widely adopted. (*Seymour* v. *Van Slyck*, 8 Wend. 404; *Dean* v. *Hall*, 17 Wend. 214; *Patterson* v. *Poindexter*, 6 Watts & S. 227; *Brenzer* v. *Wightman*, 7 Watts & S. 264; and many other cases.)

The cases upon the subject are cited and discussed in Hare and Wallace's notes to *Gerard* v. *La Coste*, 1 Am. Lead. Cas. 302. The learned annotators conclude, after reviewing the cases, that the true rule is, that a mere indorsement is but a transfer of the note; that the question whether any and what liability is incurred by the delivery of such a note so indorsed will depend upon the intention of the parties and the circumstances of the transaction.

Under this rule, *prima facie*, no responsibility is assumed, but it may be shown that there was a different understanding, and the indorser held accordingly. If this rule were followed, the appellant would be held in

this case. In its indorsement it waived protest. Of course this implies responsibility as indorser.

But in all the text-books which I have examined, it is laid down that " in respect to the immediate indorsee of the payee of a non-negotiable promissory note, the indorsement will ordinarily create the same liabilities and obligations as the indorsement of a negotiable note." (Story on Promissory Notes, sec. 128; Story on Bills of Exchange, sec. 119–179; Bayley on Bills and Notes, 120; Chitty on Bills of Exchange, 219; Byles on Bills and Notes, 142; Daniel on Negotiable Instruments, sec. 664.)

A great many cases are cited in support of this proposition, although there are also a goodly number of cases which hold differently. Beyond this it is not necessary to go in this case, and it strikes me as the most convenient and reasonable rule. It is also the consequence most likely to be intended by the parties. Even a non-negotiable promissory note is an ordinary paper, and mercantile business men are not likely to discriminate between instruments which are or are not governed by the law merchant.

Section 1459 of the Civil Code does not affect this question. It but states the rule, that as to the payor the transfer is but an assignment of the instrument, subject to any defenses in his favor which he might have against the payee; and that the transferee may sue on it in his own name.

Title XV. of the Civil Code, which contains all the provisions of our statute in regard to demand, notice, and protest, has no application to this case. The first section in that title is: " The provisions of this title apply only to negotiable instruments, as defined in this article." (Civ. Code, sec. 3086.)

Whether waiver of protest amounts to waiver of demand and notice must be determined without reference to the code as direct authority. Neither the code nor the law merchant requires protest in such a case, but neither is it required in the case of an inland bill. In Daniel on Negotiable Instruments it is said upon this

point: "But the word 'protest' has, by general usage, acquired a more extensive signification than the mere formal declaration of a notary. Inland bills and promissory notes may be protested by statutory enactment in many states, and the protest is accorded the same weight to them when it is made, though it be not necessary to make it. And the weight as well as the number of authorities predominate in favor of construing a waiver of protest to signify as much when applied to inland bills and notes as when used in respect to a foreign bill."

In fact, unless the waiver of protest in this case was meant to be a waiver of demand and notice, it would have no effect whatever. It would seem that when applied to paper which could not be or was not required to be protested, the word "protest" must have the acquired meaning of demand, non-payment, and notice, rather than the formal evidence of dishonor.

I think the judgment should be affirmed.

BELCHER, C., and VANCLIEF, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.