[Civ. No. 3624.  First Appellate District, Division One.—December 2, 1920.]

## J. E. QUINN, Respondent, v. N. C. RIKE et al., Appellants.

[1] PROMISSORY NOTES—DEED OF TRUST AS SECURITY—NEGOTIABILITY. A promissory note, the payment of which is secured by a deed of trust to real property, is non-negotiable.

[2] ID. — ASSIGNMENT OF NON-NEGOTIABLE NOTE — LIABILITY AS INDORSER—INTENT.—Where the payee of a non-negotiable promissory note assigns all his interest therein and by the assignment, which is evidenced by a writing on the back of the note, excuses presentment, demand, and notice of protest, there is an implied intent to become liable as an indorser; and where such intent appears the liability of indorser follows.

APPEAL from a judgment of the Superior Court of Los Angeles County. Leslie R. Hewitt, Judge. Affirmed.

The facts are stated in the opinion of the court.

Walter E. Burke for Appellants.

Charles J. Kelly and D. A. Stuart for Respondent.

KERRIGAN, J.—This action was brought against defendant Rike as a maker, and the defendant Ceres Land Company as indorser, upon a promissory note.

There is no dispute as to the facts: In January, 1916, the defendant N. C. Rike executed and delivered to her

---

1. What is a negotiable note, note, **Ann. Cas.** 1912D, 4.

codefendant Ceres Land Company a promissory note, negotiable in form, in the sum of two thousand dollars. [1] For the purpose of securing payment of the same she made and executed a deed of trust to a certain title insurance and trust company. The note was, therefore, non-negotiable. (*Metropolis Trust & Sav. Bank* v. *Monnier,* 169 Cal. 592, [147 Pac. 265].) At the time of the execution of the note here sued upon the land and premises described in the deed of trust was subject to a prior encumbrance of eleven thousand dollars. Thereafter, and before the maturity of the note here involved, the Ceres Land Company, for a valuable consideration, transferred the note to plaintiff, J. E. Quinn, which was evidenced by a writing on the back thereof, in the following language:

"Los Angeles, California, March 15, 1918.

"For value received I hereby transfer and assign to J. E. Quinn all my right, title and interest in and to the within note, together with all rights accrued to or to accrue under the deed of trust securing the same so far as the same relates to this note, and hereby waive presentment, demand and notice of protest.

"CERES LAND COMPANY,
"By G. C. HARBOLT, President."

Subsequent to this transfer the first encumbrance upon the premises described in the deed of trust was foreclosed, and by reason thereof the security of the note here involved became valueless. Plaintiff thereupon brought this action and recovered judgment against the Ceres Land Company as an indorser, and this is an appeal from such judgment.

Defendant company contended at the trial, and does here, that the indorsement by it was one without recourse upon which no liability as indorser attached. We are cited to the case of *Hammond Lumber Co.* v. *Kearsley,* 36 Cal. App. 431, [172 Pac. 404], as supporting this position. It was there held in substance that in view of section 3118 of the Civil Code, the assignment by the payee of a promissory note of all his interest in the note is a qualified indorsement, and upon the maker's default such payee is not liable as an indorser. The facts there involved, however, differ materially from those of the instant case. There the indorsement did not contain any words indicating a contingent liability. [2] By the use of the words in the assignment,

or their equivalent, excusing presentment, demand, and notice, there is an implied intent to become liable as an indorser (*First Nat. Bank* v. *Falkenhan,* 94 Cal. 141, 145, [29 Pac. 866]); and where such intent appears the liability of indorser follows. (7 Cyc., 1st ed., pp. 826, 827.)

Appellant contends, however, that as demand, presentment, and notice of protest is not necessary to bind the indorser of a non-negotiable instrument, such words must be treated as immaterial and surplusage. This could not be done without making a new contract for the parties, an act we have no power to do.

We conclude, therefore, that notwithstanding the apparent assignment by defendant company of all its interest in the note, its intent to become liable as an indorser is clearly expressed by the use of the language employed. (See *Haber* v. *Brown,* 101 Cal. 445, [35 Pac. 1035].)

Appellant complains of prejudicial admission of evidence by the trial court.

There was offered by the plaintiff and received by the court in evidence testimony showing that plaintiff was reluctant to acquire the note on account of the superior lien with which the property given as security therefor was burdened, and only did so upon the assurance by the president of the defendant company that it was good by reason of the defendant's indorsement. This evidence was admitted for the reason that in the opinion of the trial court there was an ambiguity and uncertainty concerning the indorsement, upon which parol testimony was admissible to explain. A discussion of this question is unnecessary, for even assuming that its admission constituted error, it was harmless, for with or without it no other judgment could have been rendered. The assignment speaks for itself.

For the reasons given the judgment is affirmed.

Richards, J., and Seawell, J., *pro tem.,* concurred.