# F. V. DEWEY   vs.   L. J. BOYD, et al.

## SUPERIOR COURT, COUNTY OF TULARE

### ( Bills and Notes — Indorsers Liability. )

November 19th, 1923.

Suit by F. V. Dewey against L. J. Boyd, et al.  On general demurrer by the defendant Edwin Thompson.    Demurrer sustained.

**1.   BILLS AND NOTES — NON-NEGOTIABLE — INDORSEMENT MERELY TRANSFERS TITLE.**

The indorsement in blank and delivery of a non-negotiable note, secured by a mortgage, together with the mortgage, without further act by the payee, merely transfers title.

**2.   BILLS AND NOTES — NON-NEGOTIABLE — INDORSER'S LIABILITY — CONTRACT.**

Payee's indorsement of a non-negotiable note is not a guaranty by the indorser, and he is not charged as the indorser of a negotiable note, unless there is an understanding or agreement of the parties that the indorser shall be so liable.

**3.   BILLS AND NOTES — NON-NEGOTIABLE — INDORSER'S LIABILITY — AGREEMENT.**

If indorser of a non-negotiable note is by agreement or understanding liable, the indorsee must demand payment from the maker at maturity and give the indorser notice of such demand on non-payment as in the case of a negotiable note.

**4.   BILLS AND NOTES — NON-NEGOTIABLE — COMPLAINT AGAINST INDORSER.**

A complaint to foreclose a mortgage securing a promissory note does not state a cause of action against the payee indorsing in blank, where it does not allege presentment to or demand for payment upon the maker or notice thereof and of non-payment upon the indorser prior to suit, since a mere indorsement would only transfer title to such non-negotiable note and indorsement under contract to be liable requires demand and notice.

**J. A. Allen, Judge.**

In the Superior Court of the State of California,

In and for the County of Tulare.

F. V. Dewey,   Plaintiff,

vs                              No. 14336.

L. J. Boyd, et al.,   Defendants

**Opinion on demurrer of defendant Edwin Thompson.**

The ground of demurrer is that the complaint does not state a cause of action against defendant Thompson .

The action is for the foreclosure of a mortgage, securing a promissory note, and for a deficiency judgment against the defendant Boyd as the maker of the note, and the defendant Thompson, the payee, who indorsed the note to plaintiff.   The note, being secured by mortgage, is a non-negotiable instrument.   The indorsement was made before maturity by the payee, Thompson, simply writing his name on the back of the note.

The complaint does not allege presentment to or demand for payment upon the maker of the note before commencement of the action, or notice of demand and nonpayment upon the indorser.   The principal of the note was declared due because of nonpayment of interest, under provision contained in the note and mortgage, and the suit is for the full amount of the note.   Otherwise the note had not matured.

Counsel for plaintiff claim that the indorsement by the payee makes him a guarantor of payment to plaintiff, the indorsee.

No case on all fours with the case at bar has been decided by the higher courts of our State.

First National Bank v. Falkenham, reported in the 94 Cal. 141, was an action upon a non-negotiable prom-

issory note indorsed by the payee to plaintiff in that case before maturity, the indorser in writing waiving protest thereon.    In its decision the supreme court cited with apparent approval the rule laid down in Hare and Wallace's note to the case of Gerard vs. La Costa, 1 Am Lead. Cases, 302, the rule being as follows:

"The mere endorsement of a non-negotiable promissory note before maturity is but a transfer of the note; the question of whether any and what liability is incurred by the delivery of such a note so endorsed will depend upon the intention of the parties and the circumstances of the transaction."

The court in First National Bank vs. Falkenham Supra, held that the endorser having written above his name "Protest waived" was evidence that the endorser intended to be bound as an endorser, and that having waived protests that was also a waiver of demand upon the maker and of notice of non-payment. Judgment was therefore given in favor of plaintiff.

There are two cases, other than the Falkenham case, decided by our Supreme Court.

They are Haber vs. Brown, 101 Cal. 445, and Kendall vs. Parker, 103 Cal, 319.

Haber vs. Brown was an action by the endorsee of the endorsee of the first endorser, the payee of a promissory note, to recover from the endorser.    The note was secured by mortgage and contained a stipulation for attorney's fee in case of suit, thus making the note at that time non-negotiable.    It was sought to recover a deficiency judgment against the endorser.    In its decision the Supreme Court quotes from the decision in First National Bank vs. Falkenham as follows:

"In respect to the immediate indorsee of the payee of a non-negotiable promissory note, the endorsement will ordinarily create the same liabilities as the endorsement of a negotiable note."

Commenting upon this language the court says: "If this rule as stated be strictly applied, the obligations of the payee, as an endorser, to the immediate endorsee, must depend upon demand upon the maker at maturity or sufficient excuse for its absence, and notice of non-payment to the endorser, both of which are essential".

. The court further held that where the words written over the endorsement of the name of the payee showed that the signature was considered and treated by the endorsee as if it were an endorsement of negotiable paper, then demand and notice ought to be required.

The case of Kenall vs Parker, Supra, was an action upon a promissory note against the maker and the payee as indorser by the endorsee of the first endorser. The note was presented at maturity to the maker, demand for payment made, and notice of demand and non-payment given to the payee.

In its decision our Supreme Court calls attention to the fact that in England it had been held that by the custom of merchants when the payee endorsed his name upon a negotiable note intending, thereby to transfer it, the endorsee was at liberty to write over his signature not only an assignment, but a conditional guaranty of payment.

In reference to this rule our court says: "The law thus made for the endorser of such a paper, a contract not expressed, and which independently of the law, there was nothing in the nature of the transaction to indicate. Independently of the statute law, there is no custom or rule of law which can add such a condition to the assignment of a non-negotiable instrument."

In the case of Pattee Plow Co. vs. Beard, by the Supreme Court of Oklahoma, reported in 110 Pac. P. 752, the suit was by the immediate indorsee against the payee as endorser of promissory notes. They were

non-negotiable.    The court approved the following rules stated in 4 Am. & Eng. Enc. of Law p. 479, to-wit:

"It is held, accordingly in a majority of the states that the endorsement of assignment of a non-negotiable instrument is merely a transfer of its legal and equitable title, and carries with it no guaranty of its payment, though if the assignor makes his assignment in a form from which an intention to guarantee the payment of the instrument may be inferred or induces the assignee to take it by an agreement to that effect, he may be held upon his implied or express promise."

The notes in the Oklahoma case were endorsed in blank as is the note in the case here under consideration.

In the case at bar it was contended by counsel for plaintiff that as the payee made an assignment of the mortgage and note to the plaintiff, the endorsement of the note by the payee was unnecessary for the transfer of title to the note; and that it ought therefore, to be inferred that by the endorsement the payee intended to be bound as an indorser.    But such an inference does not necessarily follow the endorsement. It is quite customary for the payee of a note secured by mortgage to both make an assignment of the mortgage and note and indorse the note merely to transfer his title to the papers, and without some further fact to show an intention to be held as an endorser, the legal inference should be that the endorsement as made in this case was merely to transfer title.

The law upon the subject in a large majority of the states and in California, in my opinion is as follows:

1.    The endorsement in blank and delivery of a non-negotiable note, without anything further, by the payee, merely transfers its title.

2.    Such an endorsement is not a guaranty by the endorser, nor is the endorser liable as is the endorser of a negotiable note, unless there is an understanding

or agreement of the parties that the endorser shall be so liable.

3.    That if the endorser is by agreement or understanding liable as an endorser, then the endorsee is under the obligation to the endorser to make demand of payment upon the maker at maturity of the note, and to give notice of such demand and non-payment to the endorser as in the case of a negotiable note.

For the foregoing reasons the complaint does not state a cause of action against defendant Thompson, and his demurrer must be sustained.

See Vol. 3 R. C. L. pp. 1160-1162.

Dated November 19th, 1923.

J. A. Allen, Judge.