NEWER, APPELLANT, v. FIRST NATIONAL BANK OF HARLEM, RESPONDENT.

(No. 5,765.)

(Submitted October 26, 1925. Decided November 20, 1925.)

[241 Pac. 613.]

*Non-negotiable Promissory Notes—Assignment—Consideration— "Indorsers"—Liability of Assignor—Ratification—Instructions—Abstract Propositions of·Law.*

Non-negotiable Promissory Notes—Lack of Consideration a Defense.
1. The holder of a non-negotiable promissory note is not a holder in due course, and therefore lack of consideration is a defense in an action thereon.

Same—Evidence—Theory of Case.
2. Where an action to recover on a non-negotiable promissory note was brought and tried on the theory of defendant's liability as an indorser, plaintiff was bound by that theory and was therefore properly refused permission to show on rebuttal that defendant was a guarantor.

Same—Assignment—Assignor Disclaiming Interest in Note—Ratification— Proper Refusal of. Instruction.
3. Where the evidence in an action on an assigned non-negotiable promissory note showed that defendant bank, sought to be held as indorser, upon ascertaining that its former cashier had negotiated a loan for plaintiff in its name disclaimed any interest therein and caused an assignment of the mortgage securing the note to be made to plaintiff, an offered instruction on the subject of ratification was properly refused.

Same—Instructions Based on Negotiable Instruments Law Inapplicable.
4. Instructions based upon the provisions of the Negotiable Instruments Law offered in an action on a non-negotiable note were properly refused as inapplicable.

Same—Payee Assigning Note not "Indorser" in Absence of Special Agreement.
5. In the absence of a special agreement to that effect, one who signs his name on the back of a non-negotiable note is not an indorser in the sense that term is used in the Negotiable Instruments Law; hence an instruction in the language of section 8470, Revised Codes of 1921, that a person who places his signature upon an instrument otherwise than as maker, drawer or acceptor is deemed to be an indorser, was inapplicable in an action on such a note.

Same—What Insufficient to Fasten Liability of Indorser upon Assignor.
6. The mere fact that a non-negotiable instrument assigned by the payee bank to plaintiff for the purpose of enabling him to bring suit thereon, contained the provision that the makers and indorsers waived protest, *etc.*, without anything further to indicate that the bank intended to be held as an indorser within the mean-

[74 Mont. 549.]

ing of the Negotiable Instruments Law, was insufficient, to fasten the liability of such an indorser upon it.

Instructions—Abstract Propositions of Law—Submission Improper.
7. The submission of abstract propositions of law in instructions to the jury without any attempt to connect them with the evidence or rules laid down in other paragraphs of the charge is improper.

---

Banks and Banking, 7 C. J., sec. 141, p. 539, n. 26 New.
Bills and Notes, 8 C. J., sec. 173, p. 57, n. 61; p. 58, n. 94; sec. 577, p. 391, n. 81; sec. 1017, p. 744, n. 33; sec. 1021, p. 751, n. 65 New; sec. 1204, p. 918, n. 18; sec. 1251, p. 960, n. 82; sec. 1394, p. 539, n. 26 New; p. 1072, n. 85.
Contracts, 13 C. J., sec. 145, p. 312, n. 67.
Trial, 38 Cyc., p. 1612, n. 14; p. 1613, n. 16; p. 1615, n. 19; p. 1618, n. 36.

*Appeal from District Court, Blaine County; Charles A. Rose, Judge.*

ACTION by Charles J. Newer against the First National Bank of Harlem. Judgment for defendant and plaintiff appeals. Affirmed.

*Messrs. J. L.* and *A. H. Angstman,* for Appellant, submitted an original and a reply brief, the former arguing the cause orally.

Citing on the point that where an unrestricted indorsement is admitted, the law fixes the liability: *Bank of Conway* v. *Stary,* (N. D.), 200 N. W. 505; *Palmersheim* v. *Gates,* 179 Wis. 291, 191 N. W. 567; *National City Bank* v. *National Bank of the Republic,* 219 Ill. App. 340; *Overland Auto Co.* v. *Winters* (Mo. App.), 180 S. W. 561; *Geller etc. Co.* v. *Drozda,* 203 Mo. App. 91, 217 S. W. 557; *First Nat. Bank of Elgin* v. *Bach,* 98 Or. 332, 193 Pac. 1041; *Grapes* v. *Willoughby,* 93 Vt. 458, 108 Atl. 421; *Schine* v. *Johnson,* 92 Conn. 590, 4 A. L. R. 744, 103 Atl. 974. An unrestricted indorsement cannot be altered by parol evidence. (*Martin* v. *Cole,* 104 U. S. 30, 26 L. Ed. 647 [see, also, Rose's U. S. Notes]; *Holt Mfg. Co.* v. *Brotherton,* 91 Wash. 354, 157 Pac. 849; *Behrens* v. *Kirkgard* (Tex. Civ. App.), 143 S. W. 698; *Knoblauch* v. *Foglesong,* 38 Minn. 352, 37 N. W. 586; *Preston* v. *Daniel,* 74 Ala. 133, 139; *Torbert* v. *Montague,* 38 Colo. 325, 87 Pac. 1145; *McDonald* v. *Thomp-*

son, 167 Ark. 338, 268 S. W. 602; *Good* v. *Martin*, 95 U. S. 90, 24 L. Ed. 341 [see, also, Rose's U. S. Notes]; *Hately* v. *Pike*, 162 Ill. 241, 53 Am. St. Rep. 304, 44 N. E. 441; *Aurora Nat. Bank* v. *Dils*, 18 Ind. App. 319, 48 N. E. 19; *Washington Sav. Bank* v. *Ferguson*, 43 App. Div. 74, 59 N. Y. Supp. 295; *Smith* v. *Caro*, 9 Or. 278, 287; *Crilly* v. *Gallice*, 148 Fed. 835, 78 C. C. A. 525; *Charles* v. *Denis*, 42 Wis. 56, 24 Am. Rep. 383.)

*Mr. D. L. Blackstone* and *Messrs. Freeman, Thelen & Frary*, for Respondent, submitted an original and a supplemental brief; *Mr. James W. Freeman* argued the cause orally.

Counsel for appellant throughout his argument has assumed the premise that his client was a *bona fide* holder in due course for a valuable consideration of a negotiable instrument, which premise is absolutely erroneous, because of two grounds: 1. The note, by reason of its wording in regard to the acceleration clause, is not a negotiable instrument, but a non-negotiable instrument; and 2. Because the plaintiff is not a *bona fide* holder in due course. This court, in the case of the *Great Falls Nat. Bank* v. *Young*, 67 Mont. 328, 215 Pac. 651, has decided that where a promissory note has the following provisions for acceleration, to-wit: "And agree that in event of insolvency of either makers or indorsers, or the institution of suit or attachment against them or either of them, or the mortgaging of any property by the makers or indorsers, this note may be declared to be immediately due and payable," is a non-negotiable instrument, upon the ground that the note is not payable on demand or at a fixed or determinable future time as required by sections 8591 and 8408, Revised Codes of 1921.

The second reason is, that the plaintiff is not a *bona fide* holder in due course. The authorities cited in appellant's brief under counsel's first assignment of error are all based upon the presumption that the note sued upon in plaintiff's complaint was a negotiable instrument and by reason thereof are not applicable to the issues at hand because the note mentioned in this case is clearly non-negotiable.

In an 'action by the indorsee of negotiable paper against his immediate indorser, the title of no innocent third party intervening, the defendant can avail himself by way of defense against the plaintiff of the entire want of consideration, or may show that there is no valuable consideration for the indorsement or that it was made without any consideration. The rule has also been held to apply in an action where the note has been assigned by an indorsement in blank. (Joyce on Defense to Commercial Paper, sec. 342; *State Savings Bank of Logan* v. *Osborn*, 188 Iowa, 168, 175 N. W. 964; *Brown* v. *Robert's*, 90 Minn. 314, 96 N. W. 795; *Hamburger* v. *Miller*, 48 Md. 317.) "It is likewise being held that where an indorsement was wholly and entirely without consideration and was merely for transfer of title in accordance with a bank's custom is a good defense, in an action by indorsee against indorser." (*Lovejoy* v. *Citizens' Bank*, 23 Kan. 331; *Cowles* v. *McVicar*, 3 Wis. 725; *Wade* v. *Wade*, 36 Tex. 529.)

In the case of *Smith* v. *Peters*, 46 Cal. App. 47, 188 Pac. 811, which was upon a promissory note which was later found to be non-negotiable, the court held that a non-negotiable instrument in the hands of the assignee or indorsee is subject to the equitable defense that it lacked consideration.

The respondent has cited the foregoing cases, which with the exception of one deal with negotiable instruments and not non-negotiable as in the instant case, by reason of the fact that counsel for the appellant has cited numerous cases in his brief based upon negotiable instruments and not upon non-negotiable instruments.

MR. JUSTICE STARK delivered the opinion of the court.

The complaint in this action alleges that on December 29, 1917, Ruth Berchot and Dave Berchot executed and delivered to the defendant their promissory note for the sum of $500, payable December 29, 1920, with interest at eight per cent per annum, payable semi-annually; that the defendant in due course, for a valuable consideration, and prior to its maturity, indorsed and delivered this note to the plaintiff, who thereupon

became and ever since has been the owner and holder thereof; that by reason of said indorsement and delivery, the defendant became indebted to the plaintiff for the amount of said note and interest; that no part of the same has been paid, except the interest thereon down to December 29, 1919, and asks judgment for the balance due.

This note was a non-negotiable instrument. It contains a provision identical with that found in the note considered in the case of *Great Falls Nat. Bank* v. *Young,* 67 Mont. 328, 215 Pac. 651, and which was held to render it non-negotiable.

The defendant's answer admitted the execution of the note, but alleged that it was never the owner thereof, and denied that it ever sold, assigned or delivered the same to the plaintiff for a valuable or other consideration, and set out in detail the circumstances surrounding the execution of the note and its delivery to the plaintiff. In brief, the facts so alleged are: That plaintiff had been a customer of the defendant bank for a long time prior to December 29, 1917, and during that period one J. A. Hatch was its cashier; that on said date the plaintiff had on deposit with defendant a sum of money largely in excess of $500, and some time prior thereto had asked Hatch to procure for him (plaintiff) a loan of $500, secured by a real estate mortgage, and for the convenience and benefit of the plaintiff to take the same in the name of the bank; that Hatch, without the knowledge, consent or authority of the bank or its directors, agreed to do so, and pursuant to such arrangement, and as the agent of the plaintiff, did, on December 29, 1917, loan $500 of plaintiff's money to the Berchots, taking the note in suit as evidence thereof, and also took a real estate mortgage to secure the same, both in the name of the bank, and thereupon debited the account of plaintiff $500 and credited the Berchots with this amount on the books of the bank; that thereafter it caused said note and mortgage to be assigned to the plaintiff without consideration, for the reason that it had no interest therein, and solely for the purpose of enabling the plaintiff to collect the note.

The affirmative allegations of the answer were denied by the plaintiff's reply. The case was tried before a jury and resulted in a verdict and judgment in favor of the defendant. Plaintiff's motion for a new trial was denied, and he has appealed from the judgment.

1. The plaintiff's first contention is that the court erred in [1] overruling his objection to the introduction of any testimony on the part of the defendant, for the reason that the answer did not state facts sufficient to constitute a defense.

Stripped of all evidentiary recitals, the answer sufficiently pleaded a lack of consideration for the indorsement of the instrument by the bank. (*United States Nat. Bank of Red Lodge* v. *Chappell*, 71 Mont. 553, 230 Pac. 1084.) The note being non-negotiable, the plaintiff was not a holder thereof in due course, so that his rights and the liability of the defendant thereunder must be determined by the law applicable to simple contracts generally. (*Merchants' Nat. Bank* v. *Smith*, 59 Mont. 280, 15 A. L. R. 430, 196 Pac. 523). An essential element of all such contracts is a sufficient consideration (sec. 7468, Rev. Codes 1921), and lack of such consideration is a defense in an action thereon. The court did not err in overruling the plaintiff's objection above referred to.

2. In his complaint and the evidence introduced to sustain [2] it, plaintiff proceeded upon the theory that the defendant was liable to him upon the note as an indorser. In the course of the testimony, in rebuttal, counsel sought to show that at the time plaintiff was negotiating for the purchase of the note the cashier of the bank represented to him that defendant would "see that it was paid," and that plaintiff relied upon this statement in making the purchase. The court refused to admit the latter part of this testimony, and this is assigned as error.

By seeking to introduce this testimony, as well as by his offered instruction No. 3, which was refused by the court, plaintiff was apparently trying to abandon the theory of his complaint and to hold the defendant as a guarantor upon the note in suit. It is incumbent upon a party when he brings an action to so frame his pleadings as to present some definite, certain

theory upon which he predicates his right to relief, and he will not be heard to say that the court committed error in holding him to the theory which he assumed. (*Waite* v. *Shoemaker & Co.*, 50 Mont. 264, 146 Pac. 736.)   The court ruled correctly in sustaining this objection to this testimony and also in refusing to give the plaintiff's requested instruction No. 3.

3. The undisputed evidence in the case showed that as soon [3] as the defendant learned that its former cashier Hatch had negotiated the loan for the plaintiff in its name, it disclaimed any interest therein and immediately caused an assignment of the mortgage to be made to the plaintiff.   Based upon this evidence alone, plaintiff asked the court to instruct the jury upon the subject of ratification.   The evidence above referred to did not tend to show that the bank in any way ratified the acts of Hatch, and the court did not err in refusing to instruct the jury on the subject of ratification.

4. Plaintiff's requested instructions Nos. 4 and 8, which were [4] refused by the court and which refusal is made the basis of assignments of error Nos. 8 and 12, are copies of sections 8459 and 8473, Revised Codes of 1921, which are embraced in the Negotiable Instruments Law.   These sections are not applicable in an action based upon a non-negotiable instrument, and the court did not err in refusing to give instructions embodying them.

5. The plaintiff asked the court to give the following instruc- [5] tion: "You are instructed that a person placing his signature upon an instrument, otherwise than as maker, drawer, or acceptor, is deemed to be an indorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity.   This is true of corporations as well as individuals."   Except for the last sentence, this is a copy of section 8470, which is a part of the Negotiable Instruments Law.

Where the matter is not regulated by statute, there has been much conflict in judicial decisions as to the liability of the payee of a non-negotiable instrument who writes his name on the back thereof and transfers it to another.   Cases setting out the

different views of the liability thus created will be found col-
lected in 8 C. J. 57. A majority of them hold that such a
transaction amounts only to an assignment or transfer of title
and creates no liability on the part of the assignor to his
assignee. However, in this state the matter is controlled by
statute. Section 7415, Revised Codes of 1921, provides: "A
non-negotiable written contract for the payment of. money or
personal property may be transferred by indorsement, in like
manner with negotiable instruments. Such indorsement shall
transfer all the rights of the assignor under the instrument to
the assignee, subject to all equities and defenses existing in
favor of the maker at the time of the indorsement."

The liabilities imposed upon one who transfers title to such
an instrument in the method provided for in the above-quoted
section are set forth in section 7617 as follows: "One who sells
or agrees to sell an instrument purporting to bind anyone to
the performance of any act, thereby warrants that he has no
knowledge of any facts which tend to prove it worthless, such
as the insolvency of any of the parties thereto, where that is
material, the extinction of its obligations, or its invalidity for
any cause."

By transfer of the title of the note in the method above set
out, the defendant did not become an "indorser" of the note
with the attendant liabilities, in the sense in which that term is
used in section 8473 of our Negotiable Instruments Law. The
provisions of that Act deal only with *negotiable* instruments.
(*United States Nat. Bank of Red Lodge* v. *Shupak,* 54 Mont.
542, 172 Pac. 324.)

In 1 Daniels on Negotiable Instruments, sixth edition, 709, it is
said: "If the note be not negotiable, it is plain that such party
[one who writes his name on the back of the instrument] can-
not be regarded as an indorser, for the simple reason that there
is no such thing as an 'indorsement' in the strict and proper
commercial sense of any other than negotiable paper."

While some of the liabilities imposed by section 7617 upon
one who assigns a non-negotiable instrument by indorsement
are the same as those imposed upon the indorser of a

[74 Mont. 549.]

negotiable instrument by section 8473, such transfer does not carry with it a legal liability on the part of the assignor to pay the amount of the claim, in the absence of a special agreement to that effect. Such was the holding of the supreme court of California in *Kendall* v. *Parker,* 103 Cal. 319, 42 Am. St. Rep. 117, 37 Pac. 401, under identical statutory provisions.

Counsel contend that because the note in question contains [6] a provision to the effect that the makers and indorsers waive protest, *etc.,* this indicates that it was the intention of the defendant, by making the indorsement which it did, to become liable thereon as an "indorser," in the sense in which that word is used in the Negotiable Instruments Law, and therefore the requested instruction should have been given. To support this contention they rely upon the case of *First Nat. Bank* v. *Falkenhan,* 94 Cal. 141, 29 Pac. 866. In the cited case it is made to appear in the statement of facts that for a valuable consideration protest was waived by the indorser by a writing on the back of the instrument itself, which was then indorsed in blank and delivered to the plaintiff. The court held that by this transaction the indorser assumed responsibility for payment of the note. The facts in the instant case, however, are wholly different from those in the above-cited case. The writing on the back of the note in question is simply: "Pay to Charles J. Newer, First National Bank of Harlem, by J. A. Rasmussen, A. C." There is nothing in this writing to indicate that the bank in making it intended to do more than transfer title to the plaintiff so as to enable him to maintain a suit thereon.

The offered instruction was not applicable to the facts in the case, and the court properly refused to give it.

6. At best, plaintiff's offered instruction No. 2, which the [7] court refused to give, was the bald statement of an abstract proposition of law, without any attempt to connect it with the evidence in the case or any rule laid down in other instructions given by the court. When the facts in a given case are few and simple and of such a nature that general principles of law may be easily applied, the giving of an instruction

embodying abstract propositions, though open to criticism, is not reversible error. (*Kirk* v. *Montana Transfer Co.*, 56 Mont. 292, 184 Pac. 987.) But general abstract propositions of law should not be submitted to the jury by instructions of the court. (*Surman* v. *Cruse*, 57 Mont. 253, 187 Pac. 890.) Under the circumstances appearing in this record, the court did not err in refusing the plaintiff's offered instruction No. 2.

There are other assignments of error set out in plaintiff's brief, but they are not of sufficient importance to require special mention.

No error appearing, the judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOL-LOWAY, GALEN and MATTHEWS concur.