BARNES ET AL., APPELLANTS, *v.* ROWLES ET AL., RESPOND-
ENTS.

(No. 6,398.)

(Submitted February 16, 1929. Decided March 20, 1929.)

[276 Pac. 15.]

*Mr. E. K. Cheadle* and *Mr. G. W. Robison,* for Appellants, submitted a brief; *Mr. Cheadle* argued the cause orally.

*Mr. Wm. M. Blackford,* for Respondents, submitted a brief and argued the cause orally.

MR. JUSTICE FORD delivered the opinion of the court.

On April 22, 1917, Lloyd Rowles executed and delivered to Wm. H. Brown, hereafter called defendant, his three certain promissory notes, and to secure their payment executed and delivered a certain mortgage covering lands in Fergus county, now in Judith Basin county. Thereafter defendant indorsed the notes in blank by writing his name on the back thereof, and executed a proper assignment of the mortgage to plaintiffs; notes and assignment of mortgage were delivered to plaintiffs. Rowles defaulted in making the payments as they became due, and this action was brought to enforce payment of the notes and the foreclosure of the mortgage.

The complaint is in the usual form, and alleges the execution and delivery of the notes and mortgage, the assignment thereof to plaintiffs, and the default in payments. Judgment is demanded for the unpaid principal, with interest, costs, and attorney fees; that the premises be sold to satisfy the same, and for deficiency judgment in the event the proceeds derived from the sale are not sufficient to satisfy the judgment. Service was had by publication. The default of Rowles was entered for failure to appear. Defendant appeared and answered, admitting the execution and delivery of the notes and mortgage and the assignment thereof to plaintiffs, but alleging that the assignment was without consideration. Other allegations of the answer are not material to a consideration of the questions presented. Issue was joined by reply; trial had before the court sitting without a jury.

As conclusions of law the court declared that plaintiffs were entitled to judgment for the unpaid principal, with interest, costs, and attorney fees, and for foreclosure of the mortgage; that the notes were non-negotiable and plaintiffs were not entitled to a deficiency judgment against defendant. Judgment was accordingly entered. Plaintiffs appeal from that part of the judgment absolving defendant from a deficiency judgment.

The determinative question is: Are the notes negotiable? They make no reference to the mortgage, and on their face are negotiable; however, counsel concede that plaintiffs "knew of the contents of the mortgage by reason of its assignment to them."

The decisions of this court in the cases of *Cornish* v. *Woolverton*, 32 Mont. 456, 108 Am. St. Rep. 598, 81 Pac. 4, and *Buhler* v. *Loftus*, 53 Mont. 546, 165 Pac. 601, are decisive of the question here presented. In the *Loftus Case* it was held that a note, negotiable on its face, was non-negotiable when secured by a mortgage on real property, and that a transferee, taking it with full knowledge that it was a mortgage note, took it as a non-negotiable instrument. Since that decision,

section 8412, Revised Codes of 1921, relating to negotiable in-
struments, has been amended (Chap. 143, Laws of 1923), by
adding subdivision 5, which reads: "An instrument otherwise
negotiable in character is not affected by the fact that it
was at the time of the execution or subsequently secured by
mortgage on real or personal property." The amendment,
however, does not apply to the notes in suit (*Bullard* v. *Smith,*
28 Mont. 387, 72 Pac. 761; *Cornish* v. *Woolverton,* supra),
so that their character must be determined by the provisions
of the statute as it stood prior to amendment. The amend-
ment was evidently made for the purpose of obviating the
result of the decisions in the above cases. Under the authori-
ties cited, the notes are non-negotiable.

By transfer of the notes by indorsement in blank, defend-
ant did not become an "indorser" of the notes with the
attendant liabilities, in the sense in which that term is used
in section 8473, Revised Codes of 1921. The provisions of
that section relate only to *negotiable* instruments. (*Newer* v.
*First National Bank,* 74 Mont. 549, 241 Pac. 613; *United
States National Bank* v. *Shupak,* 54 Mont. 542, 172 Pac. 324.)
Such transfer did not carry with it a legal liability on the part
of the defendant to pay the amount of the notes, in the ab-
sence of a special agreement to that effect. (*Newer* v. *First
National Bank,* supra; *Kendall* v. *Parker,* 103 Cal. 319, 42
Am. St. Rep. 117, 37 Pac. 401.)

The conclusion we have reached makes it unnecessary to
decide other questions presented by plaintiffs.

For the foregoing reasons, the judgment is affirmed.

Mr. Chief Justice Callaway and Associate Justices
Matthews, Galen and Angstman concur.

Rehearing denied April 13, 1929.