INGEBRIGHTSEN ET AL., RESPONDENTS, *v.* HATCHER ET
AL., DEFENDANTS; LIBERTY REALTY CO., APPELLANT.

(No. 6,635.)

(Submitted May 6, 1930.  Decided June 9, 1930.)

[288 Pac. 1023.]

*Mr. Geo. H. Stanton,* for Appellant, submitted an original and a reply brief and argued the cause orally.

*Mr. L. E. Rhodes,* for Respondents, submitted a brief and argued the cause orally.

MR. JUSTICE FORD delivered the opinion of the court.

This action was brought against Liberty Realty Company and others to foreclose a mortgage upon property situated in Liberty county. The complaint alleges that on or about August 15, 1916, Maurice W. Hatcher made, executed and delivered to W. B. Clow his promissory note in writing for $1,000, payable November 1, 1921, with interest at the rate of six per cent per annum; that to secure the payment of the note he executed and delivered to Clow his real estate mortgage upon the lands described; that plaintiffs are the owners and holders of the note and mortgage by virtue of various written assignments; that they have paid the real estate taxes for the years 1920 to 1926, both inclusive; and that the note has not been paid.

All of the defendants, except Liberty Realty Company, defaulted. It filed a separate answer admitting the execution of the note and mortgage and denying generally the other allegations of the complaint, and specifically denying that plaintiffs are the owners and holders of the note and mortgage, and alleging that it is the owner in fee of the lands described.

After the trial the court found the issues in favor of plaintiffs; judgment was accordingly entered, from which defendant Liberty Realty Company appeals.

It should be noted that the note in suit was executed prior to the amendment of section 8412, Revised Codes of 1921 (Laws 1923, Chap. 143), and is non-negotiable (*Barnes* v. *Rowles,* 84 Mont. 393, 276 Pac. 15), although treated as negotiable by the parties to the action.

Upon the trial, for the purpose of establishing their title to the note and mortgage, plaintiff introduced in evidence, over defendant's objections, a purported assignment of mortgage and an abstract of title covering the lands described in the mortgage, prepared by the Liberty County Abstract Company, and counsel predicates error upon the court's rulings, and contends that plaintiffs failed to establish title to the note and mortgage by written assignments, and, since the complaint alleges title by written assignments, that plaintiffs cannot rely upon title to the note by indorsement.

In the condition of the record before us we think the ▆▆▆ rulings of no consequence. The note for which the mortgage was given as security was offered and received in evidence without objection, and shows an indorsement in blank. This was sufficient evidence of title to establish prima facie ownership. It is generally held that possession of a negotiable note payable to order and indorsed is prima facie evidence of ownership (3 R. C. L., p. 980), and the same rule applies to non-negotiable notes. (*Beaman* v. *Ward,* 132 N. C. 68, 43 S. E. 545; *Jackson* v.

*Love,* 82 N. C. 405, 33 Am. Rep. 685; *Farmers' State Bank* v. *First Nat. Bank,* 201 Iowa, 73, 204 N. W. 404; *Biglow* v. *Burnham,* 90 Iowa, 300, 48 Am. St. Rep. 442, 57 N. W. 865; *Fisher Mach. Works* v. *Leavenworth Nat. Bank,* 77 Kan. 268, 94 Pac. 124.) Under these circumstances the complaint will be deemed amended to conform to the proof. (*St. George* v. *Boucher,* 84 Mont. 158, 274 Pac. 489; *Lackman* v. *Simpson,* 46 Mont. 518, 129 Pac. 325; *Kelly* v. *Gullickson,* 75 Mont. 66, 241 Pac. 623.) In this state "the assignment of a debt secured by mortgage carries with it the security." (Sec. 8261, Rev. Codes 1921; *First Nat. Bank* v. *Vagg,* 65 Mont. 34, 212 Pac. 509; *Northwestern Implement Co.* v. *Rhoades,* 52 Mont. 428, 158 Pac. 832.)

Plaintiff's testimony made a prima facie case, and, since defendant offered no evidence to overcome the case so made, the court properly entered judgment for plaintiffs.

But counsel contends that plaintiffs were required to prove ▆ that the indorsement on the note was in fact the signature of W. B. Clow, and that there is not any evidence to prove the signature of Clow. Conceding that the issues framed by the pleadings are sufficient to raise the genuineness of Clow's signature, we are of the opinion that there is ample evidence to prove the signature.

Albert G. Evans, a witness for plaintiffs, testified: "I do not know W. B. Clow. I have handled many of their mortgages but I have never personally met W. B. Clow. * * * I have seen that signature on many mortgages of W. B. Clow, assigned to the John F. Sinclair Co. and others, and it is the same signature that was on all," and that, having seen his signature on many notes and mortgages in the ordinary course of business, it was his opinion that the signature appearing on the back of the note was that of W. B. Clow. We think the witness was qualified to testify as to the signature, and the showing made by plaintiffs was sufficient. (3 Jones' Commentaries on Evidence, 2358, 2360; Wigmore on Evidence,

2d ed., 1121; 1 Greenleaf on Evidence, 16th ed., 723; *Berg* v. *Peterson,* 49 Minn. 420, 52 N. W. 37.)

For the reasons given the judgment is affirmed.

Mr. Chief Justice Callaway and Associate Justices Matthews and Galen concur.

Mr. Justice Angstman, being absent, did not hear the argument and takes no part in the foregoing decision.