[Civ. No. 7397. Second Appellate District, Division One.—September 8, 1932.]

JONATHAN S. DODGE, Respondent, v. R. K. SNOW, Appellant.

692

William Ellis Lady for Appellant.

H. L. Carnahan, Harry Povey, Raymond Tremaine, and Karl Lynn Davis for Respondent.

TAPPAAN, J., *pro tem.* — The plaintiff had judgment below and defendant appeals therefrom. The facts involved in this case are comparatively simple and relate to a transaction whereby defendant acquired from plaintiff certain

shares of stock. Plaintiff was the owner of shares of stock of the Cawston Ostrich Farm and had had negotiations with defendant looking toward the sale or exchange of the same to defendant. On February 28, 1925, plaintiff submitted to defendant a statement of the terms and conditions upon which he would sell his stock interest in the Cawston Ostrich Farm to defendant. This written proposal so made by plaintiff to defendant was duly accepted in writing by said defendant, and in evidence of such acceptance he wrote upon the document "Accepted: R. K. Snow".

Among other items mentioned in this written proposal, which plaintiff proposed to accept from defendant for his stock, was the following: "3. Assignment of note, C. L. Clinch, for $9,000.00 (Drawing seven per cent interest), secured by collateral already submitted, said note to become due in about six months, *and be guaranteed by yourself.*" (Italics ours.) Some days later the note referred to in the agreement just quoted was by defendant's direction tendered to plaintiff by a trust company which held the same under some agreement with defendant. Plaintiff authorized this same trust company to accept the note and hold it for his account, which it thereupon did. The note as thus transferred to plaintiff had upon it the blank indorsement of defendant. Thereafter, default being made in the payment of this note, the collateral given to secure payment of the note was realized upon and the sum thus secured applied upon the note. Defendant had notice of this fact and cooperated with plaintiff in the conversion of the collateral into money and the application of the fund thus derived to the reduction of the balance due upon the note. The sum claimed by plaintiff here is for the balance remaining unpaid after deducting from the face of the note and unpaid interest the sum secured from the sale of the collateral.

The complaint filed herein sets forth three causes of action, all based upon the same facts but differing as to allegations of the effect thereof. The first cause of action thus set up pleads a guarantee and the breach thereof. The second cause of action sets forth a contract to guarantee and the breach thereof. The third cause of action alleges an indorsement of the note by defendant and his failure to pay on default of the makers. The trial court dismissed

the second cause of action but found for the plaintiff on both the first and third causes of action.

■ The first point relied upon by appellant on this appeal is that the court failed to find on material issues raised by the pleadings. Appellant contends that the court should have included findings covering certain allegations contained in his answer and in the amendment to such answer. The allegations to which appellant thus directs the attention of the court have to do with certain transactions appellant is alleged to have had with the note here in question, at a time prior to the transfer of this note to respondent. Briefly it is alleged that appellant caused said note to be placed in trust with a trust company to be held by it in trust for appellant and others. That at the time it was so placed in trust appellant indorsed said note in blank, so that it could be transferred to the trust. There is also an allegation that the note was not duly presented to the makers for payment and that defendant had no notice of nonpayment. There is no allegation that plaintiff at any time had notice of the alleged transaction had in reference to the note and its alleged transfer in trust or the purpose of its indorsement at that time. In view of the fact that the court found that the note was, at a time subsequent to the date of these alleged transactions, duly sold and transferred by defendant to plaintiff, these allegations cited by appellant were immaterial to the issues involved in the controversy and the court was not required to find as to them. ■ The note so transferred contained upon its face an express waiver of presentment, demand, protest, notice of dishonor and diligence, and as the court found in favor of the regularity of the transfer to plaintiff, a finding on question of failure to present and give notice was also immaterial. (Civ. Code, secs. 3190 and 3191.)

■ Appellant in his next two specifications attacks the sufficiency of the evidence to support the findings as made by the trial court. Appellant first contends that the evidence shows that on the date of the transfer of the note to respondent, the note was in trust, and, as a conclusion from said fact, argues that therefore appellant could not on said date have been the owner of the note. The evidence is conclusive that on or about said date the note was transferred to respondent's agent by the trust company at the

direct order and request of appellant, and for appellant's account and benefit. There is ample evidence to support the finding that as of that date appellant was the owner of the note, either legal or equitable. There is no merit in the contention that the finding that the note was ''delivered duly indorsed'' is unsupported. Appellant made no attempt to show that respondent had notice of the alleged transaction which he had had with the trust company in reference to the note. He had indorsed the note for some purpose and must have had notice of the condition of the note at the time he directed it to be transferred by his agent, the trust company, to respondent. His written agreement was to guarantee the note. Appellant's testimony that he notified an alleged agent of respondent that he would not be bound by his written agreement to guarantee the note when considered in connection with the admitted fact that thereafter he directed the indorsed note to be delivered to respondent, at best, but presents a question of fact. The court's finding, therefore, is conclusive and not open to question here.

An examination of appellant's other specifications of alleged insufficiency of the evidence to support the findings discloses that they relate, in most instances, to testimony as to appellant's acts and motives in transferring the note in question to the trust company. As has been heretofore pointed out such matters were immaterial under the circumstances of this case. Respondent was entitled to rely on the face of the note as it was transferred to him and could not be charged with facts and circumstances which occurred at some prior time unless and until they were brought to his notice, which nowhere appears to have been done. On the other hand, appellant is equally bound by the note as of the date of its transfer and must be charged as well with notice of its legal effect. He cannot bind respondent nor limit his rights by any secret or uncommunicated act or intention upon his part. It should be noted that there was nothing in or upon the note itself nor the indorsement of appellant thereon which gave notice, actual or constructive, of any limitation of the legal effect of the note or its indorsement. The indorsement was regular in form (Civ. Code, sec. 3112) and the act of the trust company in the

delivering of the note, as appellant's agent, made effective the indorsement. (Civ. Code, sec. 3097.)

If the transactions had in the instant case are to be considered as evidencing a relationship of guaranty, this may be established, under the circumstances here present, by acts and declarations of the parties as well as by a written instrument. (Civ. Code, sec. 2794, subd. 5.) When we consider that the note here involved is of questionable negotiabilty, containing as it does many collateral undertakings, but though indorsed in blank it contained a waiver of presentment, notice and protest and was transferred in accordance with the terms of a written contract to guarantee the note, it cannot be fairly said that there was not sufficient evidence to support the court's finding in this regard. (*First Nat. Bank* v. *Falkenhan,* 94 Cal. 141 [29 Pac. 866]; *Kendall* v. *Parker,* 103 Cal. 319, 324 [42 Am. St. Rep. 117, 37 Pac. 401]; *Nuetzel* v. *Mackie,* 80 Cal. App. 768, 772 [253 Pac. 166].) There is evidence to be found in the record sufficient to support the findings questioned by appellant.

Appellant's next point is that the indorsement at the time it was made or written, was a restrictive indorsement. Appellant's argument is based upon the facts alleged to have surrounded his transfer of the note to the trust company. As has been heretofore stated, these facts are immaterial in the absence of notice to respondent. The only material facts on this phase of the case are those arising upon the transfer of the note to plaintiff. We have already pointed out that there was nothing disclosed by those facts which could be construed as giving notice to respondent of any limitation upon his rights under the note and indorsement thereof.

Appellant complains that the court committed error in that it refused to permit him to file, at the time of trial, an amendment consisting of an amendment to his answer, then on file, and a counterclaim. The court permitted the filing of the amendment to the answer but refused to permit the filing of the counterclaim. The motion to amend is one directed to the sound judicial discretion of the trial court, and unless there appears an abuse of this discretion on the part of the trial court, its judgment will not be disturbed. The record here fails to disclose any such abuse

of discretion as will justify a reversal of the judgment here. The facts alleged in the counterclaim occurred some four years before the date of trial. They, if true, would constitute fraud. No adequate excuse is alleged for the failure to present these facts in a proper pleading at a reasonable time before the date of trial. Appellant frankly states: "We concede that a large amount of time passed between the time of the filing of the action and the time we asked leave to file the counterclaim, but it was only the very day or the night before that the case finally came to trial that we concluded that a counterclaim would lie." The action of the trial court in denying appellant's motion to amend by filing a counterclaim was not error under the circumstances existing here.

Appellant's attempted appeal from the order denying his motion for a new trial is dismissed. The judgment appealed from is affirmed.

Houser, Acting P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 6, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 7, 1932.